### H. JOHNSON v. J. T. TOWNSEND.
#### No. 6591.

1. **Vendor's Lien.**—Where one sells land to another and the purchase money is paid by a third person, to whom the vendee gives a note for the purchase money reserving a vendor's lien, the note and the lien are good in the hands of such third person.

2. **Renewal of Vendor's Lien Note.**—Where such note is renewed, still reserving the lien, the note and lien can be enforced.

**3. Pre-emption — Sale of Immature Right.** —A fair construction of the Act of 1873 held to authorize a sale of an incomplete occupation by a pre-emptor of a homestead, and will allow the time of occupancy of the original settler and his assignee to be added together in computing the three years.

**4. Same—Case in Judgment.**—A pre-emption was taken and surveyed under the law of 1873. After a few months occupation he sold and surrendered possession. His vendee had another homestead, but sold the right to one Thomas, who took possession February, 1882, and held the land until March 23, 1883, when he sold and gave possession to Johnson, who continued possession until his time of occupancy connected with that of Thomas amounted to three years, upon which connected possession patent issued to Johnson as assignee of the original pre-emptor. In Thomas' sale to Johnson, Lawrance advanced the money, and Johnson executed to him two notes for the purchase money, reciting the vendor's lien. The notes were lost, and one given in lieu of them also reciting the lien. Suit by an assignee of the note. *Held:*

1. That under acts of 1873 and of 1879 (Rev. Stats., arts. 3944, 3945) a settler's inchoate right by incomplete occupancy was an assignable right forming a consideration for an obligation given therefor.

2. The vendee of such right using the incomplete possession coupled with his own as a basis for his patent can not avoid the payment of his note nor defeat the effect of his express contract for the lien.

APPEAL from Eastland. Tried below before Hon. L. W. Campbell, Special District Judge.

This is a suit by J. T. Townsend, appellee, against H. Johnson, appellant, on a note executed by appellant (defendant below) to A. Lawrance or bearer for $133, on January 17, 1884, and bearing 10 per cent interest per annum from date, and to foreclose vendor's lien upon land described in the petition.

The note contains the following: "The above is given in lieu of two notes that were given for the purchase money of a certain tract of land sold to H. Johnson by A. Lawrance and deeded by J. E. Thomas, which said notes were lost or mislaid. * * * It is understood that the vendor's lien is retained on said land to secure the payment of said note."

The petition designates the land as 77½ acres lying and situated in Eastland County about three and one-half miles north 10 degrees west of the centre of the county, and being a pre-emption survey originally filed upon by one W. S. Lingo, conveyed by him to J. E. Thomas, by J. E. Thomas to defendant, said A. Lawrance paying the consideration therefor, and taking the note and vendor's lien, etc. The land is described by metes and bounds..

By way of defense, the defendant answered that the land described in plaintiff's petition was a pre-emption survey, and had been acquired by defendant from the State of Texas by virtue of the homestead or pre-emption laws of the State, and not from A. Lawrance, the payee of the note, nor from J. E. Thomas, from whom he, defendant, received a quitclaim deed, and that neither said Lawrance nor Thomas ever had title to the premises or any such right therein as would support the vendor's lien thereon.

The court rendered judgment for plaintiff for the amount of the note, and foreclosed the lien as prayed for. Johnson appealed.

The agreed statement of facts shows that "the land mentioned in plaintiff's petition was unoccupied public domain; was filed on and surveyed by W. S. Lingo as a pre-emption in the spring of 1876. Lingo cleared and plowed the same and lived on it a few months, and on August 23, 1876, he and his wife made a quit-claim deed of the land to T. W. Plummer for $25, when he moved away to Missouri with his family. Plummer lived with his family some ten miles distant from the land and never lived on it or occupied it in any way.

"On the 18th of February, 1882, Plummer and wife in consideration of $25 conveyed the land to J. E. Thomas. The latter went on the land with his family and occupied it as a homestead and remained on the same until the 23d of March, 1883, when he, joined by his wife, conveyed the land to defendant H. Johnson by quit-claim deed upon an expressed consideration of $150 paid by H. Johnson, reserving no lien; but in fact H. Johnson did not pay J. E. Thomas anything. A. Lawrance paid J. E. Thomas for the land and took Johnson's two notes for the sum of $150 to secure him for the purchase money; said two notes were lost, and the one sued on was given in lieu of the same. After purchasing the land in March, 1883, defendant occupied the land with his family as a homestead, and has continued to so occupy it up to the present. On July 1, 1885, the proper proof was made by defendant of occupancy of the premises as a pre-emptor, and on the 22d of December, 1886, a patent was issued to him, the granting clause of which contains the following: "Do by these presents grant to Harrison Johnson, assignee of W. S. Lingo, his heirs or assigns forever 77⅓ acres of land situated and described as follows, in Eastland County, on the waters of Leon River, about 2 miles south 57 west from Eastland Town, by virtue of an affidavit made by said Johnson, assignee of J. E. Thomas, assignee of T. W. Plummer, assignee of said Lingo, before the clerk of the County Court of Eastland County July 1, 1885, under an act for the benefit of actual occupants of public lands, approved May 26, 1873."

Lawrance transferred the note sued on on the day of its date to plaintiff in settlement of a debt due by Lawrance to him. Trial was had December 21, 1887; judgment for plaintiff for the amount of the note and costs, with order foreclosing the vendor's lien. The defendant appealed.

*West & McGown* and *J. H. Calhoun*, for appellant. —1. The points to which we desire to call the attention of the court are the errors of the judge in foreclosing the vendor's lien; because:

(1) Lawrence as an assignee of T. W. Plummer had no title, because Plummer when he bought the pre-emption claim had another homestead.

(2) If, as Plummer's assignee, Lawrence had any interest in the land

it was not such an interest as would give him a vendor's lien on the land when sold prior to the three years occupancy and issuance of a patent.

2. T. W. Plummer owning another homestead in Texas at the time acquired no title to the land in controversy by the purchase of the pre-emption claim when it had not been occupied by the original settler three years prior to his sale. Daughty v. Hall, 59 Texas, 520; Gambrell v. Steele, 55 Texas, 585; Garrison v. Grant, 57 Texas, 605.

3. When Lingo, the original settler, removed from the State the pre-emption claim was forfeited and the land became unappropriated public domain, his sale to Plummer conveying no title. Doughty v. Hall, 59 Texas, 520; Calvert v. Ramsey, 59 Texas, 491.

4. Lingo, the original settler, and hence his vendees, not having used and occupied his pre-emption for three years prior to the sale thereof, acquired no lien on the land to secure the notes given for the purchase of his pre-emption claim. Palmer v. Chandler, 47 Texas, 334; Houston v. Dickson, 66 Texas, 81.

*R. B. Truby*, for appellee.—1. The appellee is estopped from denying any right or interest either in his immediate grantor J. E. Thomas or of Lawrence, Plummer, or Lingo. Kimbro v. Hamilton, 28 Texas, 560; Rev. Stats., arts. 3939, 3942–3945, 3947.

2. The true consideration for the execution of a deed or contract may be shown by parol evidence, although it may vary the consideration recited in the instrument. And as between the original parties to the notes the vendor's lien springs at once out of the contract of purchase of land, and this is without regard to the changes that may be made in the notes, or whether or not the vendor's lien is expressly retained in the deed, or whether contract is parol or written. Taylor v. Merrill, 64 Texas, 494; Senter & Co. v. Lambeth, 59 Texas, 259; Joiner v. Perkins, 59 Texas, 300.

COLLARD, JUDGE.— It has been repeatedly decided in this State that where one sells land to another and the purchase money is paid by a third person, to whom the vendee gives a note for the purchase money reserving a vendor's lien, the note and lien are good in the hands of such third person; and where such note is renewed, still reserving the lien, the note and lien may be enforced. The appellant insists that there can be no lien to secure the payment of the note sued on, because when the two notes for which it was substituted were given by Johnson, J. E. Thomas and those under whom he claimed had neither of them occupied the premises for three years as required by law to authorize a pre-emptor of a homestead to demand a patent. In favor of this proposition appellant cites the case of Palmer v. Chandler, 47 Texas, 333, which he says supports his view of the law; but upon examination of the opinion it will be seen, as stated therein, to rest upon the fact that the statute under which

the settlement was made did not permit a vendee of an incomplete preemption settlement to couple and prove the time of his vendor's occupancy with his own to entitle him to a patent, but that he himself must have occupied the land for full three years, and that his occupancy could not be aided by that of his vendor. In that case the original settlement was made in 1867, and it was the opinion of Justice Moore that the law did not allow the coupling together of the two possessions of vendor and vendee to make up the required time (but see Act of 1860 amendatory of the Act of 1854, Pasch. Dig., art. 4263); and that a settler not having occupied public domain three years had no such interest in it as would support a consideration for a note and a vendor's lien.

In the case before us the original entry was made by W. S. Lingo in the spring of 1876; he and his wife quit-claimed to T. W. Plummer for $25, August 23, 1876, after having made some improvements, and then moved away to Missouri. Plummer owned and lived on another homestead at the time of his purchase, and never occupied the land in any way.

On the 18th of February, 1882, Plummer and wife conveyed the premises to J. E. Thomas, who moved on the land with his family and remained on it until the 23d of March, 1883, when he and his wife conveyed the land to defendant H. Johnson, who on July 1, 1885, made the proof of occupancy as required and received patent for the land dated December 22, 1886.

The original entry of Lingo was made under the Act of 1873, which provided that "the person who has or shall occupy any portion of the public domain as a homestead; * * * that such person or his assignee or assignees shall be entitled to a patent therefor upon filing in the Land Office an affidavit to the effect that such person or his assigns have occupied and improved said lands for three years," etc. A fair construction of this statute will authorize a sale of an incomplete occupation by a preemptor of a homestead and will allow the time of occupancy of the original settler and his assignee to be added together in computing the three years.

We must hold, however, that Plummer acquired no homestead right by his purchase from Lingo, because he had a homestead at the time of his purchase and did not continue the possession for three years, Lingo's possession being only of a few months duration. Gambrell v. Steele, 55 Texas, 582. But it will be seen that Thomas went in possession by purchase from Plummer February, 1882, and he sold to Johnson, defendant, on the 23d of March, 1883, who continued the possession until his time of occupancy connected with that of Thomas amounted to three years, when he made the necessary proof. Johnson's individual possession up to the time he made the proof did not amount to three years.

There can be no doubt that under the law in force at the time of Thomas' entry the time of the occupancy of the assignee and those under whom

he claims can be counted together to make up the three years. Rev. Stats., arts. 3944, 3945.

It is clear that under the Act of 1873 and that of 1879, as found in the Revised Statutes, a settler's inchoate right by incomplete occupancy was an assignable right; that it constituted such an interest as would support a sale and a lien thereon as between the parties if the assignee continues the possession and obtains the title. Johnson obtained his title by virtue of his own and the possession by previous occupants (presumably that of Thomas, as there was no break in their possession), which had been assigned to him and for which he gave his notes. We think he obtained from Thomas a valuable interest in the land, which being kept alive against the State by continued possession on his part until he was entitled to the land, was sufficient as a consideration to support the notes and the liens therein expressed. It will be noticed that it was only decided in Palmer v. Chandler, supra, that an implied lien would not arise under the law and facts of that case, while in this case the lien is given by express contract, which in our judgment was predicated upon a sufficient consideration. The law, as we have seen, under the original entry of Lingo recognized the right of an assignee, and more especially the laws in force at the time of Thomas' entry and his sale to Johnson recognized the right of sale and the right of the assignee to the benefit of his own and the possession of his assignor. We do not think defendant can so avail himself of the benefits of his purchase and obtain his title by virtue of the rights so acquired, and then repudiate the express obligations so incurred. The land may have returned to and become a part of the public domain by reason of Plummer owning another homestead at the time of his purchase and his failure to occupy it; still there was sufficiently long occupancy by Thomas and Johnson to perfect the title. The patent issued to Johnson by virtue of rights he acquired from Thomas, and it can not be said that there was no consideration for the note and the lien expressed therein.

We do not think there was error in giving judgment for the amount of the note and foreclosing the lien secured thereby. We are of opinion the judgment should be affirmed.

*Affirmed.*

Adopted June 17, 1890.