## JACK BALDWIN v. J. J. RILEY.

### Decided March 16, 1908.

**Land—Parol Gift—Improvements—Death of Donor.**

It is settled law in this State that, to take a parol gift of land out of the statute of frauds, possession of the land must be taken by the donee, and improvements of some substantial value, having relation to the value of land, must be made by him with the acquiescence of the donor. Such improvements must be made during the lifetime of the donor.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*John L. Little* and *E. B. Pickett, Jr.,* for appellant.—If one makes a verbal gift of a tract of land to another and the donee goes upon *any part* of the land and erects thereon valuable and permanent improvements, upon the faith of that verbal gift, he acquires a good and perfect title thereto. Wells v. Davis, 77 Texas, 637; Wooldridge v. Hancock, 70 Texas, 21; Baker's Exrs. v. DeFreese, 2 Texas Civ. App., 524; Wootters v. Hale, 83 Texas, 567; Puterbaugh v. Puterbaugh, 30 N. E., 520; Loney v. Loney, 38 Atl., 1071 (86 Md., 562); Lobdell v. Lobdell, 36 N. Y., 327; Haddon v. Haddon, 42 Ind., 378; Neale v. Neales, 9 Wall., 1; Ungley v. Ungley, L. R. 4 Ch. Div., 73.

*Taliaferro & Nall,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—Appellant Jack Baldwin filed this suit against appellee for the recovery of 50 acres of land in the Lefroy Guedry league in Hardin County, his petition first setting up a formal action of trespass to try title, and then specially pleading that he had acquired title to the land by virtue of a verbal gift

made to him by his stepfather, Sam Dark, about the year 1882. He alleged that the 50 acres so given him were located in the southwestern part of a tract of 150 acres then owned by Dark, and that soon after the gift was made he entered upon and took possession of that part of the tract and commenced placing improvements thereon, and that he did erect valuable and permanent improvements, consisting of a dwelling house, a barn, fences and other improvements generally used in connection with a homestead; that said Dark died about the year 1886 without having made him a deed to the said 50 acres, and that after Dark's death his widow sold the entire 150 acres to appellee Riley, including the tract claimed by appellant. The case was tried before a jury and a verdict and judgment were rendered for appellee, from which judgment this appeal is prosecuted.

The only testimony as to the gift of the land and of the improvements erected thereon during the lifetime of Dark was that of the appellant himself, and from his testimony the following conclusions are warranted:

About the year 1882, when appellant was a boy of about 14 or 15 years of age, Sam Dark married his mother, and shortly thereafter he told appellant if he. would be smart he would give him a home and make somebody out of him; that he pointed out 50 acres in the southwestern corner of the 150 acre tract and gave it to appellant to put his home on. At that time appellant had been working for Dark and continued to work for him until Dark's death. During Dark's life appellant placed no valuable or permanent improvements on the land he claimed, the only thing done by him being a little clearing in the edge of the timber where he wanted to build a house, and this was done with his stepfather's assistance.

After the death of Dark, appellant cleared more ground and fenced and cultivated five or six acres, built a small house and dug a well, and after this he built a more substantial house and made other improvements of a permanent character.

It now seems to be well settled in this State that to take a parol gift of land out of the statute of frauds possession of the land must be taken by the donee and improvements of some substantial value, having relation to the value of the land, made by him with the acquiescence of the donor. 14 Am. & Eng. Ency. of Law, 1042; Ann Berta Lodge v. Leverton, 42 Texas, 18; Bradley v. Owsley, 74 Texas, 71; Wells v. Davis, 77 Texas, 639; Eason v. Eason, 61 Texas, 227; Wallis v. Turner, 95 S. W., 61; Hutcheson v. Chandler, 104 S. W., 435. And such improvements must be made in the lifetime of the donor, otherwise they can not be said to have been made with his acquiescence. and consent. At the time of Dark's death nothing had been done by appellant that would have prevented Dark from revoking the alleged gift, and appellant could not perfect the gift after his death by improvements so made. Hutcheson v. Chandler, *supra;* Newcomb v. Cox, 27 Texas Civ. App., 583.

In view of the law as it is shown to be by the authorities cited, and in the light of the evidence, no judgment could have been rendered in this case other than one against the appellant, and a verdict in favor of the appellee could properly have been directed.

As no other verdict than the one rendered could have been rendered on the evidence, the fact that the charge, in the particulars complained of in appellant's several assignments of error, may have been abstractly inaccurate or incorrect, is immaterial. The judgment of the court below is affirmed.

*Affirmed.*