## S. W. COOK ET AL. v. M. J. ERWIN ET AL.

Decided January 14, 1911.

**Specific Performance—Parol Sale of Land—Proof.**

Specific performance of a parol sale or gift of land is based upon equitable principles of estoppel, and in some cases, at least, proof must be made of the relative values of the improvements and of the land on which they are placed in order to enforce such sale or gift. Rule illustrated.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*A. J. Clendenen,* for appellants.—In order that a parol gift of land may be effectual to pass title, possession must be taken in pursuance of the alleged gift; permanent and valuable improvements must be made thereon upon the faith of such gift; and the value of such improvements must bear a reasonable proportion to the value of the land. Tannery v. McMinn, 86 S. W., 640; Wells v. Davis, 77 Texas, 637; Ann Berta Lodge v. Leverton, 42 Texas, 18; Wooldridge v. Hancock, 70 Texas, 18; Eason v. Eason, 61 Texas, 226; Wallace v. Turner, 95 S. W., 62; Atchley v. Perry, 120 S. W., 1105; Newcomb v. Cox, 66 S. W., 340; Hutcheson v. Chandler, 104 S. W., 435; Baldwin v. Riley, 108 S. W., 1193; Bradley v. Owsley, 74 Texas, 71; Hammond v. Hammond, 108 S. W., 1024; Altgelt v. Escalero, 110 S. W., 989.

There being no evidence that L. H. Cooper and wife ever made any improvements upon that part of the land which is alleged to have been given to Mrs. Cooper by James Holland, no title thereto was ever vested in Mrs. Cooper, and hence nothing passed by the alleged parol sale from the Coopers to Mordecai F. Holland.

*W. D. House* and *C. M. Templeton,* for appellees.—A parol gift of land will be upheld where the donee has entered into possession of the land upon the faith of such gift and remained in possession of same, and paid the taxes, and made improvements thereon of a permanent and substantial character. Wootters v. Hale, 83 Texas, 563; Wells v. Davis, 77 Texas, 636; Baker v. De Freese, 21 S. W., 963; La Master v. Dickson, 43 S. W., 911; Davis v. Portwood, 50 S. W., 615; Bullock v. Sprowls, 54 S. W., 657; Altgelt v. Escalero, 110 S. W., 989.

DUNKLIN, ASSOCIATE JUSTICE.—This appeal is from a judgment denying appellants a recovery of an undivided one-fifth interest in two hundred acres of land. Plaintiffs and defendants claimed under James Holland as a common source of title. Plaintiffs introduced in evidence a deed to the land in controversy from James Holland to Martha J. Holland and the children of herself and her deceased husband, Mordecai Holland, the son of James Holland. There were four of those children, namely, Mrs. Mary Cook, wife of S. W. Cook, plaintiffs, and Mrs. Lou Boydston, Mrs. Ada Heatley and Ira Holland, all of whom were made co-defendants with Mrs. Martha J. Erwin, formerly Mrs. Martha J.

Holland, she having remarried after the death of her former husband,. Mordecai Holland.

The deed referred to above was dated May 8, 1874, reciting a con-- sideration of fifteen hundred dollars paid to the grantor by M. F. Holland. The undivided one-fifth interest in the land which purports to have been conveyed to Mrs. Cook by this deed was the interest which she sought to recover.

Mrs. Erwin relied upon an alleged parol gift of one-half of the land by James Holland to her former husband, Mordecai Holland, during her marriage with the latter; a parol gift of the other half of the land by James Holland to his daughter, Mrs. L. H. Cooper; the purchase of that half from Mrs. Cooper by Mordecai Holland; and a claim of homestead on the land ever since the death of Mordecai Holland in 1873.

The evidence seems to show beyond controversy that James Holland agreed, in parol, to give to his son, Mordecai Holland, and to his daughter, Mrs. L. H. Cooper, each, one-half of the land; that in 1866 upon the faith of these agreements both donees moved upon the land with their families. After occupying and cultivating one-half of the land for two years, Mrs. L. H. Cooper and her husband sold the same to Mordecai Holland for an agreed consideration of fifteen hundred dollars, of which three hundred dollars was paid by Mordecai Holland and the balance by defendant, Mrs. M. J. Erwin, after his death, but this seems to have been a parol sale. After Mordecai Holland moved on that portion of the land which his father agreed to give him, he continued to use and cultivate it up to the date of his death; he also used and cultivated the portion which his father had agreed to give his sister, Mrs. Cooper, from and after the date of his purchase of her interest. The evidence seems to show, further, that the use and occupancy of the land by Mordecai Holland and his sister was without objection on the part of their father, and that Mordecai Holland made some improvements on the land. Defendant, Mrs. M. J. Erwin, tes- tified that the deed in favor of herself and her children executed by· James Holland after the death of her husband was never delivered to her, that she never paid any consideration therefor, knew nothing of it until long after its execution and that she never claimed any interest thereunder. She further testified, without controversy, that taxes had been paid upon the land by her husband and herself ever since the gift. However, she failed to prove the value of any of the improvements made on the land by her husband; and also failed to prove the value of the land at the time the improvements were placed thereon; or at the date of the alleged parol gift of it. by James Holland. It seems that she further failed to show any improvements by Mrs. L. H. Cooper under the parol gift to her from her father. While there was no direct tes- timony to the rental value of the land during the occupancy of· Mor- decai Holland, there was testimony from which the conclusion might be drawn that the rental of the land was of some substantial value. In the case of Ann Berta Lodge v. Leverton, 42 Texas, 18, the court declined to enforce a parol agreement for the sale of land.

In that case the grantee had made improvements after repudiation ·

of the sale by the grantor, and the evidence showed that the improvements were paid for out of the rents of the property. In that case our Supreme Court said: "It is well settled, when the purchaser has been fully compensated for his improvements, or has gained more by his possession than he has expended in improvements, they will not avail him as a ground for specific performance." See also Eason v. Eason, 61 Texas, 225; Wooldridge v. Hancock, 70 Texas, 18.

The rule announced in that decision seems to have been modified by later decisions. In Wells v. Davis, 77 Texas, 637, the proof showed that the value of the use of the property during the time it was occupied by the donee thereof under a parol gift, exceeded the value of the improvements placed thereon by the donee. In deciding that case our Supreme Court said: "To hold in such cases that the purchaser under a parol sale or gift must be held to account for the value of the use and occupation of the premises is to treat him as a renter or trespasser instead of as a purchaser, and is inconsistent with the theory upon which specific performance has been decreed in such cases. . . . When the owner of land has given it to another, or when he has sold it and the purchase money has been paid and the vendee or donee has been placed in possession and has in consequence thereof placed upon the land improvements of a character that a court of equity will estimate as being within themselves of sufficient importance and value to entitle the party to a decree for the specific performance of the contract, the use of the premises from the date of such possession must be treated as going with the equitable right to the property itself. In this case the amount expended in the improvement of the land compared with the value of the land itself can not be treated as unimportant."

While in many of the later decisions it is said in general terms that a donee or purchaser under a parol sale is entitled to a specific performance if he, relying upon such gift or sale, takes possession of the land and makes permanent and valuable improvements thereon, we do not believe that any of those decisions can be said to have overruled or modified the announcement quoted above from the decision in Wells v. Davis. See Wootters v. Hale, 83 Texas, 563; Baker v. De Freese, 2 Texas Civ. App., 524 (21 S. W., 963); La Master v. Dickson, 17 Texas Civ. App., 473 (43 S. W., 911).

The rule is based upon equitable principles of estoppel, and it seems that in some cases, at least, the relative values of the improvements and the land upon which they are made must be considered. See Hutcheson v. Chandler, 47 Texas Civ. App., 124 (104 S. W., 435); Baldwin v. Riley, 49 Texas Civ. App., 557 (108 S. W., 1192), and decisions there cited.

As there was no evidence to show the value of the improvements nor of the land in controversy, a new trial should have been granted, and, for the error in refusing the same, the judgment is reversed and the cause remanded.

*Reversed and remanded.*