ROBERTS et al. v. PRATHER et al.

(Court of Civil Appeals of Texas. Dallas. June 14, 1913.)

1. VENDOR AND PURCHASER (§ 249*) — PURCHASE-MONEY SECURITIES — EXECUTION TO THIRD PERSON.

A note executed by a vendee of land to a third person furnishing the funds to pay the vendor, and reserving a vendor's lien, is good in the hands of the payee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 650; Dec. Dig. § 249.*]

2. COVENANTS (§ 84*) — PERSONS LIABLE — WARRANTY OF TITLE.

A third person who advances money to a vendee to enable him to purchase land, on notes payable to such third person directly instead of to the vendor, does not warrant the title to the land, nor is he liable, in the absence of notice, for a deficiency in quantity.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 90–92; Dec. Dig. § 84.*]

3. VENDOR AND PURCHASER (§ 15*)—CONSIDERATION—PARTIAL FAILURE.

Where, as part of a sale of land, the vendee executed notes for part of the purchase price to a loan company, which advanced the amount specified in the notes for the vendee, to be paid to the vendor, and such company had no notice of a material shortage in acreage which subsequently developed and did not participate in any misrepresentation as to the acreage of the land made by the vendor or his broker, such shortage did not constitute a partial failure of consideration for the notes as against the loan company.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 16; Dec. Dig. § 15.*]

4. NEW TRIAL (§ 103*)—NEWLY DISCOVERED EVIDENCE.

Where, in an action on notes given by a vendee to a loan company for money advanced by the latter to make up the purchase price of land and paid to the vendor, the vendee pleaded partial failure of consideration in that there was a material shortage in the quantity of the land, of which there was no proof that the loan company had notice, newly discovered evidence that the selling broker for the vendor divided his commissions with one who agreed to secure the money from the loan company was insufficient to justify a new trial, since it had no material bearing on the question whether the latter had knowledge of the shortage.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 215–217; Dec. Dig. § 103.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Suit by M. E. Roberts and others against F. M. Prather and others. Judgment for plaintiffs against defendant Prather but in favor of defendants Texas Title & Loan Company and Mrs. Prather, and plaintiffs appeal. Affirmed.

Will Hancock and Tom R. Whipple, both of Waxahachie, for appellants. J. T. Spencer, of Waxahachie, for appellees.

RASBURY, J. Appellants instituted suit in the court below against F. M. Prather, his wife, Martha A. S. Prather, and Texas Title & Loan Company alleging that on October 5, 1910, they purchased from said Prather and wife a tract of land situated in Ellis county, said to contain 125½ acres, and agreeing to pay therefor $75 per acre, but which in fact contained only 92.3 acres of land. Allegations of fraud and misrepresentations on the part of Prather as to the quantity of land which induced the purchase were made. It was also alleged that a portion of the unpaid purchase price of said land was represented by outstanding notes of appellants sufficient in amount to cover the shortage in the land which appellants sought to cancel on the ground that the consideration therefor had failed. It was also alleged that appellee Texas Title & Loan Company was the owner of said notes and was not an innocent holder or purchaser of same but a party to and had participated in the fraud perpetrated upon appellants in reference to the acreage of said tract of land. Judgment was asked correcting the description of the land and canceling the notes held by the Texas Title & Loan Company, appellee, to the extent of the shortage and for damages against Prather, etc. Appellee Texas Title & Loan Company, for the purpose of this appeal, answered the suit by general demurrer, general denial, and by special plea, asserting that it was the purchaser of the notes before maturity in good faith without notice of the deficiency in the acreage of the land, and estoppel. Trial was before jury, and at the conclusion of the testimony the presiding judge instructed the jury to return a verdict for appellants against Prather for the amount of the shortage and to return verdict for appellee Texas Title & Loan Company and Mrs. Prather. Verdict was in accordance with the instructions and upon which judgment was entered. Appellants do not complain of the verdict against Prather; nor does Prather complain thereof or file brief or other appearance in this court.

The facts developed upon trial are undisputed, and those material to the disposition of the appeal are, in substance, that Prather and wife conveyed to appellants by general warranty deed a tract of land in Ellis county, purporting to contain 125½ acres. The consideration was $9,412.50, or $75 per acre, paid as follows: Cash $3,000; notes aggre-

gating $3,162.50, payable to Texas Title & Loan Company, secured by the following clause in the deed from Prather and wife to appellants: "It is understood that the said Texas Title & Loan Company at the request of the grantees herein having paid to the grantors herein $3,162.50, for which said notes were executed, it (said Texas Title & Loan Company) is subrogated to all the rights, equities, and liens to which the grantors herein are entitled just the same as if the said notes had been made payable to the order of said grantors and by them transferred to it"—the balance of $3,250.50 was paid by appellants assuming the payment of a pre-existing debt for that amount against the land in favor of Texas Farm & Mortgage Company. Before the execution of the deed just mentioned, appellants agreed with J. G. Cornwell, the agent who had the land for sale for Prather, that they would purchase the land upon the terms they did purchase if Cornwell would arrange with some one to carry the notes; Prather not being willing to do so and authorized him to make such arrangement. Cornwell, with the knowledge of appellants, and as stated, at their request arranged for the Texas Title & Loan Company to carry the notes. Upon the execution and delivery of the deed by Prather et ux. to appellants, the Texas Title & Loan Company paid to Prather, the grantor, $3,162.50 and received as consideration therefor appellants' notes covering said amount. Prior to purchasing the land Prather informed Cornwell, the agent who brought about the sale from Prather to appellants, that the tract of land contained 125½ acres, and Cornwell in turn so represented to appellants, who relied upon such representation and accepted same as true. The price agreed upon to be paid for the land was $75 per acre. Subsequent to the purchase of the land and after appellants had gone in possession of same, they suspected a shortage in acreage and surveyed it, finding it short about 33 acres. Texas Title & Loan Company, nor its president, who agreed to carry appellants' notes, nor Cornwell, Prather's agent, and who negotiated as well the sale of the notes to Texas Title & Loan Company, knew or was in the possession of facts which would charge them with notice of the fact that the tract of land contained less than 125½ acres of land.

By authority of their first assignment of error, which complains of the action of the court below in peremptorily instructing a verdict for appellee Texas Title & Loan Company, appellants assert the proposition that one who advances money to pay part of the purchase price of land and takes notes therefor payable to himself, and causes the vendor to recite such fact in the deed, and subrogates himself to the lien of the vendor, is not an innocent purchaser or holder of such note, but on the contrary becomes subject to the same defenses and liabilities that the vendor in the deed is liable for and subject to.

[1] In connection with the foregoing claim, it has long been settled, and the rule is not disputed by appellants, that "where one sells land to another and the purchase money is paid by a third person, to whom the vendee gives a note for the purchase money reserving a vendor's lien, the note and lien are good in the hands of such third person." Johnson v. Townsend, 77 Tex. 639, 14 S. W. 233. Consequently the validity of the notes and the lien securing them, together with the right of the owner of the notes to enforce same is not an issue in the case.

[2] Such being the case, the question then arises: Does one who thus advances money upon notes payable to him directly, instead of the vendor in the conveyance, take the place of the vendor and become, as contended by appellants, a warrantor of the title to the land? We conclude he does not. In the absence of any testimony in such case, the presumption will be indulged that the arrangement evidences convenience rather than any intention on the part of the payee to warrant the title of the vendor—a convenient and inexpensive method of assigning the notes by the vendor by causing them to be made payable to such assignee originally. And the rights and liabilities of the parties shall be determined in that respect as if the notes had been originally payable to Prather and by him assigned to Texas Title & Loan Company by formal transfer. The undisputed testimony in the instant case affords nothing indicating any contrary intention by the parties; in fact, the testimony not only supports the legal presumption but establishes an express agreement to that effect, since it clearly appears that it was agreed by all parties that the arrangement which was made should be made on the part of Prather the vendor, because he wanted his interest in the land to be paid in cash, and on the part of appellants because they were unable to purchase the land unless some one was found who would carry for them the deferred payments upon the land. If the testimony left the matter in doubt, then the deed accepted by appellants makes it clear that the purpose of the arrangement was as we have said, since the clause therein subrogating appellee to the lien of Prather affirms that appellee shall have the same rights he would have "as if the said notes had been made payable to the order of said grantors and by them transferred" to appellee.

[3] This only leaves for our consideration, on appellants' plea of failure of consideration, whether appellee Texas Title & Loan Company bought the notes before maturity for value without notice of the shortage in the land and hence an innocent holder of the notes. As shown in our statement of the testimony, appellee acquired the notes upon the delivery of the deed and of course before

maturity, paying Prather the face value therefor. No fact or circumstance was developed upon trial tending in the slightest to show knowledge on the part of any one that the land contained less than 125½ acres, unless it was the vendor, Prather. While it is clear that appellants thought they were getting 125½ acres of land, and while it may work a hardship upon them, it is equally clear that appellee did not participate in any misrepresentation in that behalf, had no notice of it, and owed appellants no duty to investigate the truth of such misrepresentations, if made by another.

[4] The second and last assignment of error complains of the refusal of the court to grant appellants another trial because of material testimony discovered since the trial. The newly discovered testimony was the affidavit of J. G. Cornwell, Prather's agent, that he (Cornwell) divided with Coleman the commissions he received from Prather for selling the land, and that he was informed that Prather was at the time of the sale on a deal with Coleman or the Texas Title & Loan Company for lands which one or the other owned or controlled. This testimony, if admissible on trial, could have had no material bearing upon the question of whether appellee Texas Title & Loan Company knew of the shortage in the land. It was necessary to secure some one to carry the notes before the sale and purchase could be consummated, and the fact that Coleman, who agreed to secure the money from the Texas Title & Loan Company and make the trade possible, received as compensation for his services a part of Cornwell's commission was in no respect a fact or circumstance importing or tending to establish knowledge on the part of either that Prather's land was short of what he represented.

The judgment is affirmed.