**JOHNSTON et al. v. JOHNSON et ux.**
(No. 7557.)

(Court of Civil Appeals of Texas. San Antonio. April 28, 1926.)

Specific performance ☞24, 43, 86—Deceased's oral agreement to devise or convey property to defendant will be enforced against deceased's heirs, where defendant rendered services in consideration for conveyance, took possession before death of deceased, and made valuable improvements.

Deceased's oral agreement to devise or convey property to defendant in consideration of years of arduous labor will be enforced as against heirs of deceased, where defendant rendered the services, took possession before death of deceased, who recognized her as owner, and made valuable improvements with consent of deceased.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action of trespass to try title and for damages by Will Johnston and another against J. S. Johnson and wife. Judgment for defendants, and plaintiffs appeal. Affirmed.

See, also, 260 S. W. 1085.

Muse & Muse, Ross M. Scott, and J. J. Fagan, all of Dallas, for appellants.

Chas. F. Clint, R. D. Hardy, and Lyle Saxon, all of Dallas, for appellees.

FLY, C. J. This is an action of trespass to try title and for damages, instituted by Will Johnston and John Johnston, appellants, against J. S. Johnson and Mamie Johnson, his wife, the land involved being a part of block 538, in the city of Dallas, fronting on Trinidad street. Appellants claimed the land, which has a residence and other improvements on it, as the heirs of their mother, Jane Johnston, a widow, who died intestate in Dallas county on June 29, 1916, possessed of the lot as her separate estate. Appellees claimed the land through a verbal sale and promise by Jane Johnston, deceased, to convey the title to the land to Mamie Johnson for domestic services rendered by the latter. The cause was submitted to a jury upon special issues, and upon the answers thereto judgment was rendered in favor of appellees.

In answer to the issues submitted to them the jury found that there was a specific verbal contract between Jane Johnston, deceased, and Mamie Johnson, by which the former, in consideration of domestic services rendered and to be rendered by the latter, agreed that she would devise by will or invest title by conveyance to the property in controversy; that the contract was made during the year 1908, and was in consideration of many years of service rendered by Mamie Johnson to Jane Johnston; that Mamie Johnson entered into possession of the property and made valuable improvements in the way of general repairs thereon; and that such possession was taken and such improvements were made with the knowledge and consent of Jane Johnston; that Mamie Johnson was claiming ownership under the terms of the parol contract. It was further found that Mamie Johnson went into possession of the premises in 1904 and ever afterwards occupied the same, the rental value being $15 a month. It is agreed by the parties that John A. Johnston, husband of Jane Johnston, died on January 6, 1897, leaving a will by which he bequeathed the property in question to his surviving wife, Jane Johnston; that the latter died intestate in Dallas, on June 29, 1916. It follows that Jane Johnston is the common source, as appellants are claiming as her heirs. This suit was begun on December 19, 1916, and the property was sequestered and replevied by appellees. Appellants were shown to be the only surviving children and heirs of Jane Johnston. The evidence was ample to show a parol sale of the property by

Jane Johnston, deceased, to Mamie Johnson for hard menial labor, such as washing, ironing, sewing, nursing in sickness, and devoting her life and energies to the service of Jane Johnston. She acknowledged the debt she owed Mamie Johnson, and sought to recompense her by giving her the property which she had so abundantly earned. These facts were proved in such way as to remove all doubt as to the property having been sold to Mamie Johnson by Jane Johnston. The latter promised to execute a will or deed so as to place the paper title in the former. The evidence was overwhelming and uncontradicted that in consideration of the hard labor of Mamie Johnson for Jane Johnston, from her childhood, Jane Johnston gave her the property and fully intended to bequeath it by will or convey it by deed to the said Mamie Johnson.

Our conclusions of fact dispose of the propositions of law made by appellants, which question the sufficiency of the facts to sustain the verdict and judgment. We see no contradiction between the findings of the jury that there was a verbal contract to will and one to convey by deed. The essence of the whole matter was that Jane Johnston promised and intended to convey the title to the property to Mamie Johnson. She might have intended to bequeath it by will or convey it by a deed, but she intended as shown by the uncontroverted facts, to convey it. Mamie Johnson entered into and remained in possession of the property for a number of years before the death of Jane Johnston and made valuable improvements. Jane Johnston for years recognized Mamie Johnson as the owner of the property. She earned it by years or arduous labor and devoted service, and justice and right demand that the property should be adjudged to be hers.

This case has been before the Court of Civil Appeals of the Fifth Supreme Judicial District for review of a judgment obtained by the appellants herein against the appellees. 260 S. W. 1085. The judgment was reversed and the cause remanded, and in the decision it was held that the verbal contract made by Jane Johnston was valid, legal, and enforceable against her property and heirs. The trial court had sustained exceptions to the answer of Mamie Johnson, which substantially set up the same facts as were set out on the last trial. On the last trial appellees proved the allegations held to be sufficient to make out a case.

In the case of Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216, the Supreme Court held, through Chief Justice Phillips:

"That to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: (1) Payment of the consideration, whether it be in money or services. (2) Possession by the vendee. And (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced."

The allegations and proof in the present case meet every requirement laid down in the opinion of the Supreme Court.

The house on the lot in question was small and inexpensive and needed repairs when Mamie Johnson went into possession of it in 1902. She had connections made with the water system, fixed up fences and rebuilt them about the property, and built sidewalks. She also planted trees and repaired a shed and had a roof put on it, and shingled and repaired the house. She also built two porches to the house and had papering done. The improvements were necessary, and, relative to the value of the house and lot, were valuable, and the improvements were made with the knowledge and consent of Jane Johnston. Wells v. Davis, 77 Tex. 636, 14 S. W. 237; Hutcheson v. Chandler, 47 Tex. Civ. App. 124, 104 S. W. 435; Baldwin v. Riley, 49 Tex. Civ. App. 557, 108 S. W. 1192; Cook v. Erwin, 63 Tex. Civ. App. 584, 133 S. W. 897; Rosek v. Kotzur (Tex. Civ. App.) 267 S. W. 759.

The judgment is affirmed.