## JENKINS v. VAUGHN et al.
### No. 2334.

Court of Civil Appeals of Texas. Beaumont.
May 17, 1933.

Rehearing Denied May 24, 1933.

E. C. Overall, of Gonzales, for appellant.
Wirtz & Weinert, of Seguin, for appellees.

O'QUINN, Justice.

Appellees, G. D. Vaughn and Dan C. Blumberg, brought this suit in the district court of Guadalupe county, against appellant, Emma Jenkins, a feme sole, Jim Coleman, and C. J. Dammann, in trespass to try title to 52.5 acres of land, described in their petition. They made the usual and necessary allegations of ownership, and alleged that in addition to the record title to the land they claimed title thereto by virtue of the 3, 5, 10, and 25-year statutes of limitation.

Defendant Dammann answered and disclaimed any interest in or to the land, upon which disclaimer he was discharged from the suit.

Defendants Jenkins and Coleman jointly answered by general demurrer, general denial, specially denied that plaintiffs, appellees, paid any consideration for the deed under which they claim title to the land; and by cross-action alleged that the deed of appellees under' which they claimed the land was obtained by the fraudulent acts of defendant Jim Coleman, acting in collusion with plaintiffs, appellees, and prayed that said deed be canceled. That portion of the answer setting up failure of consideration was verified by defendant Emma Jenkins. They further specially answered that the deed by which appellees claimed the land was void for want of description therein of the land in controversy. The prayer was that the deed to appellees be canceled, or, in the' alternative, that the title to the land be declared to be in Jim Coleman in trust for appellant, Jenkins.

By supplemental petition, appellees denied all allegations in the answer of defendants Jenkins and Coleman.

When the case was called for trial, defendant Emma Jenkins filed a motion for continuance, which was overruled. The case was then tried to a jury, and when the evidence was concluded the court instructed a verdict for plaintiffs, which was returned, and judgment accordingly entered. Motion for a new trial was overruled, and the case is before us on the appeal of Emma Jenkins.

Appellant's first five assignments of error assert reversible error in the court's overruling her application for a continuance. The motion was based upon the absence of a witness whose testimony, it was alleged, was material to her defense. The witness, Jim Coleman, was her codefendant. The motion is quite lengthy—ten pages of the transcript. Briefly, in effect, it states that Jim Coleman was a defendant in the suit and resided in Guadalupe county, Tex., where the suit was pending; that she did not know why he was not at court; that she was ignorant, without education, and wholly unable to look after the property left her by her deceased husband, and that she placed her business in the hands of said Jim Coleman, who was her step-son-in-law, to manage and control for her; that in her answer she had set up fraud on the part of plaintiffs in procuring the deed from her to them and upon which deed they based their right to recover the land in question; that said fraud consisted in plaintiffs acting in collusion with the said Jim Coleman in having said Coleman falsely represent to her that her deceased husband owed debts in the sum of about $900 for the payment of which the land in question was liable, and that unless she paid the debts she would lose her land; that not being able to understand the true status of her affairs, and relying upon the statements of said Jim Coleman that she was liable for all of the debts, and that if she would sell the land it would pay off all of said debts, she agreed to sell the land, but thought that the deed would be made to Jim Coleman, who would hold the land for her; that Jim Coleman carried her to Seguin, representing to her that he had had the agreement to sell and the deed conveying the land prepared, and she signed same; that in doing so she did not understand the transaction, but relied upon the statements then made to her that she owed the $900, and that same had been paid with money loaned to Jim Coleman by the plaintiffs; that in fact her deceased husband did not owe the sum of $900 or anything like that sum, of which fact she was ignorant, and the consideration of $1,000 stated in the deed was false and not in fact paid, and the agreement to pay off and fully discharge all of the debts against the estate of her deceased husband had not been performed, and that part of the consid-

eration had failed; that she had full confidence in said Jim Coleman, relied upon the statements he made to her, and had she known the true facts would not have executed the deed; that said Jim Coleman had on February 11, 1931, made an affidavit in which he fully stated the facts of the collusive understanding between him and plaintiffs to secure the deed, which affidavit was copied into the motion, and which affidavit she had placed of record in the deed records of Guadalupe county; that said witness Jim Coleman was a party defendant with her in the suit, but that his interest conflicted with her interest, and while in the original answer they were represented by the same attorney, Jim Coleman had since requested said attorney to withdraw from his defense and said attorney had done so; that said Jim Coleman had made it known to her attorney that he was afraid to appear and testify because of threats made against him, and that "as soon as said Emma Jenkins' attorney got news that said Jim Coleman was afraid to appear and testify in said cause, had the clerk of the district court in which said suit is pending to issue a subpoena for said witness to be and appear as a witness for the defendant, Emma Jenkins"; that the sheriff sent a deputy to the home of said witness and witness' wife said witness had left home some time on the day of the 13th; that her attorney and others went to the home of Jim Coleman, about eight miles out of town, to locate said witness and were told by Coleman's wife that he had told her various parties had warned him not to appear at court, that it would be dangerous to do so; that witness had expressed to her great fear of personal violence, as well as fear of threats of criminal prosecution by attorneys for the plaintiffs; that her husband had given her a letter, a copy of which was attached to the motion. (This letter was written by R. A. Weinart, one of the attorneys for plaintiffs, to E. C. Overall, the attorney for Emma Jenkins, and who filed answer for defendant Jim Coleman, in answer to a letter of date February 13, 1931, from said Overall to Dan Blumberg, one of the plaintiffs, relative to the sale of the land and to the affidavit of Jim Coleman mentioned in the motion for continuance.) The motion for continuance further alleged that the interest of defendant Emma Jenkins was distinct from and opposite to that of defendant Jim Coleman, the witness whose absence occasioned the motion, and that she had used due diligence to secure his attendance, and that she believed his absence was due to "fear and criminal prosecution which might be brought about by said attorney for plaintiffs." The remainder of the motion consisted of the required statutory allegations.

The motion was presented to the court, as a first motion for continuance, was fully argued and refused. We think the overrul-

ing of the motion was correct for the following reasons:

(a) The motion, as in effect set out above, alleged what appellant expected to prove by the absent witness. When the motion was overruled, appellant excepted to the action of the court, and presented to the court her bill of exceptions, which the court approved with the qualification that in arguing said motion to the court " * * * said attorney (attorney for appellant) further admitted that he was the person who prepared the affidavit signed by Jim Coleman and recorded in the deed records of Guadalupe County, Texas, and embodied in said motion for continuance. Said attorney further stated that he did not believe that the statements made in such affidavit were true insofar as the same connected the plaintiffs (appellees) with such false representations. * * *" This bill with its qualification was accepted by appellant's attorney and filed in the record and is here urged.

Alvin P. Muller, an attorney, who represented appellant's deceased husband in his lifetime, who drew said husband's will, had same probated, and looked after the estate, testified that he discussed the selling of the land with Emma Jenkins and that she thoroughly understood all about the proposed sale, and wanted to sell the land; that after talking with appellant about the debts owing by the estate, and telling her that if the land was sold for $1,000 it would pay about 70 cents on the dollar and leave her $100, and that such settlement could be had, she agreed to same. He then interested appellees in the purchase of the land, and finally the deal was closed at a consideration of $1,000 for the land, the deed executed by Emma Jenkins, and she received $100, and $700 was paid to Muller with which he paid at the rate of 70 cents on the dollar debts owing by the Jenkins estate. The undisputed record shows that Emma Jenkins received the $100, and Mr. Muller, as her attorney at the time, received $700 with which to settle debts against the estate, and also that a note amounting to $209.90, jointly owed by Jim Coleman and Isaac Jenkins, the deceased husband of Emma Jenkins, was paid, and an account of $37 of Isaac Jenkins due to one of the appellees was canceled—in all the record discloses that around $1,040 was paid for the land.

Appellees Vaughn and Blumberg each testified that he had no conversation with Jim Coleman about purchasing the land, and had not authorized him to make any statements to Emma Jenkins or to any one else relative to same.

■■ The rule is well settled that where a continuance is sought for the testimony of an absent witness, and if, in the light of all the facts and circumstances appearing, it is improbable that the absent witness would have testified as stated in the application, or that if he had so testified such testimony would not have been probably true, it is not error to refuse the continuance. Belknap v. Groover (Tex. Civ. App.) 56 S. W. 249 (writ refused). The trial judge evidently was of the opinion that in view of the evidence produced the witness would not have testified as stated in the application, and further that if he had so testified, such testimony would not have been probably true. We think both of these conclusions are amply justified by the record, and especially so, as, according to the judge's qualification of appellant's bill, appellant's attorney admitted that he did not believe the statements made in an ex parte affidavit of the witness incorporated in the application for continuance and which were the facts expected to be proved by the witness, to be true.

■■ (b) Because of lack of diligence to obtain the attendance of the witness. The deed from appellant to appellees conveying the land in question was executed February 16, 1926. This suit was filed by appellees against Emma Jenkins and Jim Coleman on March 17, 1931. Appellant and Coleman filed their joint answer April 13, 1931, the attorney filing said answer being the same as now represents Emma Jenkins on this appeal. The affidavit set forth in appellant's motion for continuance, and which contains the matters of fact expected to be proved by said witness, was drawn by appellant's attorney, and was signed by Jim Coleman and sworn to on February 12, 1931, two months before the filing of appellant's answer. The case was set to be tried on May 14, 1931. On May 13, 1931, Coleman was in Seguin and talked with appellant's attorney on the afternoon of that day. The subpoena for the witness was not issued until May 13, 1931, and it nowhere appears that appellant informed the sheriff of the whereabouts of the witness. On May 11, 1931, Jim Coleman and the attorney for appellant, who at said date was also the attorney for Jim Coleman, executed and filed among the papers of the case an instrument reciting that the interests of the defendants Emma Jenkins and Jim Coleman in said suit were opposed and agreeing that said attorney withdraw from the case as attorney for Coleman. This, we think, evidenced the fact that defendant Coleman had concluded that the attitude of Emma Jenkins and her attorney would not redound to his good in the light of the affidavit of February 12, 1931, which said attorney had prepared in the interest of Emma Jenkins and had Coleman to sign, and which was also placed of record, and in which affidavit he said that he and appellees had colluded to defraud appellant out of her land by making to her false representations as to the indebtedness against the estate of her deceased husband, and that the land was liable for the debts, and that she would have to pay the debts or lose the land, thus fraudulently inducing her to execute the deed conveying the

lands to appellees for a false consideration. All the facts relative to the execution of the deed, the statements of Jim Coleman in his affidavit, the withdrawal of the attorney from Jim Coleman's defense, the importance of the testimony of Coleman to the defense of appellant, were all the time known to appellant and her attorney, and no action was taken to secure the attendance of the proposed witness at the trial until the day before the case was set for trial. Appellant's allegation of diligence reads:

"That the defendant could not use more diligence than she has used and no more diligence could be expected of her than has been used. That said witness was seen in Gonzales, Texas, late May 13, 1931, the afternoon before the hearing of this motion the following morning. And that as soon as thought necessary and in order to take proper precaution and guard against any failure to have the witness present the defendant through her attorney had a subpœna issued for said witness who was then in Seguin, Texas, walking about on the public streets. That said witness was on the street at the time the subpœna was issued."

This does not allege due diligence, as required by article 2168, R. S. 1925, but merely states the conclusion of the pleader. Due diligence is not shown. 9 Tex. Jur., Continuance, §§ 35 to 40, pages 692–706.

■■ (c) Because it appears from the record that in all probability the testimony of the absent witness, if he had been present, would not have been available to appellant, for the reason that he could have refused to testify on the ground of not being compelled to give testimony which would or might incriminate himself criminally. The affidavit of said Jim Coleman that he had colluded with appellees fraudulently to induce appellant to execute the deed of conveyance to appellees was an admission that he had been a party to defrauding appellant out of her property, if true (article 1545, Penal Code, 1925), and if not true, then he had sworn falsely in said affidavit that appellees had colluded with him to fraudulently obtain the execution of the deed (article 310, Penal Code 1925). One cannot be compelled to give testimony incriminating himself, and we think it obvious that said witness would have exercised his right to refuse to testify, as whichever way he testified, if he did testify, he would have been caught upon one or the other horn of his dilemma. The court was justified in concluding that, under the undisputed facts, the testimony of the witness would never be available to appellant, and so correctly overruled the application for a continuance.

■ Appellant's sixth assignment of error asserts that the judgment should be reversed because the court refused to submit to the jury her special requested issue as to whether or not appellant Emma Jenkins' acknowledgment was taken to the deed. The issue reads:

"Special Issue No. 1

"Requested by defendant, Emma Jenkins

"Do you find from the evidence that Emma Jenkins' acknowledgment was taken to said deed executed to the plaintiffs, i. e., did she swear that she executed same for the purposes and consideration therein expressed? Answer yes or no."

Mr. Muller, who was attorney for appellant in arranging for the sale of the land, and who prepared the deed and took appellant's acknowledgment, testified: "I was present when she signed that deed, yes. I took her acknowledgment, yes. She stated that she signed it for the purposes and considerations therein expressed, yes. I explained the deed to her, absolutely."

The deed was acknowledged in accordance with the law. The law does not provide that one in acknowledging the execution of a deed shall swear that he executed it for the purposes and considerations expressed therein. The law not requiring that the grantor in acknowledging the deed be sworn, it would have been error to have submitted the requested issue. The complaint is not that appellant did not acknowledge the deed, but that she was not sworn to her acknowledgment. The assignment is overruled.

What we have said disposes of appellant's seventh assignment of error.

■ The eighth assignment complains that it was error for the court in its judgment to recite that defendant Jim Coleman appeared by his attorney, when in fact he had no attorney, and when in fact the attorney referred to appeared for another and different party defendant.

The record reflects that the same attorney answered jointly for both defendants, Emma Jenkins and Jim Coleman, but afterwards, it appearing that the interests of said defendants were opposed, by agreement between Coleman and the attorney, the attorney withdrew from the case in so far as the defense of Coleman was concerned. The agreement was reduced to writing and filed among the papers in the case. This agreement did not withdraw the answer already filed for Coleman. The assignment urges a matter that is immaterial to any right of appellant, and, if error, not one of which she can complain, as it does not in any manner affect her rights in this appeal.

No error appearing, the judgment is affirmed.