### COLEMAN v. KLEIN.

No. 9866.

Court of Civil Appeals of Texas. San Antonio.

June 24, 1936.

Rehearing Denied Oct. 21, 1936.

E. C. Overall, of Gonzales, for appellant.
R. A. Weinert, of Seguin, for appellee.

SMITH, Chief Justice.

In this action in trespass to try title, F. F. Klein recovered of Susie Coleman the title and possession of a tract of land in Guadalupe county. Susie Coleman has appealed.

Appellant, under a plea of not guilty, claimed title by reason of an alleged parol gift from her stepmother, Emma Jenkins, in September, 1925, coupled with possession and the making of improvements by her upon the land.

The record shows, without dispute, that Emma Jenkins was the common source of the title here in dispute.

Appellant claimed that in September, 1925, Emma Jenkins made a parol gift of the land to her. A month later, however, appellant, with others, conveyed the land by general warranty deed to Emma Jenkins. In February, 1926, Emma Jenkins, individually and as independent executrix, conveyed the land to Vaughan and Blumberg, for a cash consideration of $1,000. Subsequently Vaughan and Blumberg brought an action in trespass to try title to the land, against Emma Jenkins and Jim Coleman, appellant's husband, to remove cloud cast upon the title by an affidavit, filed and recorded by Coleman, questioning the validity of the deed from Emma Jenkins to Vaughan and Blumberg, and recovered judgment for title and possession of the land. That judgment was affirmed in Jenkins v. Vaughn, et al. (Tex.Civ.App.) 60 S.W.(2d) 532, and writ of error was denied. In March, 1935, Vaughan and Blumberg conveyed the property to appellee, who brought this action. The trial judge directed a verdict for appellee.

In her first, second, and third propositions appellant complains of the action of the court in directing a verdict for appellee, upon the ground that she was entitled to have the jury pass upon the issue of parol gift. We overrule those assignments. Under the record presented here, if the jury had found in favor of appellant, the court would still have been required to render judgment against her. This for the reason, if for no other, that after accepting the land, by such gift from Emma Jenkins, appellant conveyed it back to the donor, who thereupon conveyed it to appellee's grantors. This had the effect of divesting appellant of any claim to the land and reinvesting it in Emma Jenkins, appellee's remote grantor. The directed verdict was further justified by the facts that there was no evidence that Emma Jenkins' grantee, and appellee's grantor, had any notice of the alleged parol gift (Delay v. Truitt [Tex.Civ.App., writ ref.] 182 S.W. 732; Long v. Shelton [Tex.Civ.App., writ ref.] 155 S.W. 945, 946), or the relative values of the improvements and the land (Hutcheson v. Chandler, 47 Tex.Civ.App. 124, 104 S.W. 434; Atchley v. Perry [writ ref.] 55 Tex. Civ.App. 538, 120 S.W. 1105; Baldwin v. Riley, 49 Tex.Civ.App. 557, 108 S.W. 1192; Rosek v. Kotzur [Tex.Civ.App.] 267 S.W. 759), or that such improvements were placed upon the land with the acquiescence of the donor, upon the faith of such gift. Martin v. Martin (Tex.Civ.App., writ ref.) 207 S.W. 188. Appellant's fourth, fifth, eighth, and ninth propositions, relating to the same questions of law are overruled, for the same reasons. In the absence of all this evidence, and in view of the undisputed conveyance of the land from the common source to appellee's grantor, and from the latter to appellee, the court properly directed a verdict for appellee. Appellant's twelfth proposition will be overruled for like reasons.

In her fifth and sixth propositions appellant complains of the asserted exclusion of the testimony of two witnesses to the effect that there was no consideration paid for the execution of the deed from appellant to her stepmother. The record shows that this testimony was admitted, and there is no merit in the proposition, which is accordingly overruled.

In her seventh proposition appellant complains of the refusal of the trial court to permit the witness Jim Coleman to testify as to whether he had ever heard the common source of title "disclaim" ownership of the land involved. The bill of exceptions covering the matter does not indicate what the witness would have testified to in that connection had he not been cut off by appellee's objection. In the absence of such showing, no injury to appellant is apparent. The proposition is therefore overruled.

Appellant offered in evidence a two-page typewritten affidavit made by the common source, in which she set out at length alleged facts concerning the parol gift of the land to appellant, possession of and improvements made thereon by appellant, and the like. The affidavit was made several years after the affiant had conveyed the land to appellee's grantor. Appellee objected to the admission of the affidavit upon the grounds that the affiant was living, and available to appellant as a witness; that it was hearsay, and could not bind appellee because it was made long after she had conveyed the land to appellee's grantor. We conclude the objections were properly sustained, and overrule appellant's eighth and ninth propositions.

In her tenth proposition appellant complains of the admission in evidence of the original deeds from appellant to Emma Jenkins, from the latter to Vaughan and Blumberg, and from them to appellee, on the ground that those instruments had not been filed among the papers in the case, and that three days' notice had not been given by appellee of his intention to introduce those deeds in evidence. Appellant's proposition is based upon article 3725, R.S.1925, which relates only to copies of instruments filed of record prior to February, 1832. Had the instruments offered been certified copies of the originals, appellant might have invoked article 7382, providing for filing such instruments in the case, and giving notice thereof. But the instruments offered were original deeds, and were properly admitted without prior filing or notice. Appellant's tenth proposition is therefore overruled. Appellant raises other objections to the admission of said deeds, but as those objections were not made in the trial court, they cannot be considered on this appeal.

The judgment is affirmed.