## SLAUGHTER & VEAL et al. v. SCHNEIDER.
### (No. 1945.) *

(Court of Civil Appeals of Texas. El Paso. Dec. 9, 1926. Rehearing Denied Jan. 6, 1927.)

**1. Appeal and error ⊜➾1062(1)—Error in respect to issue of exemplary damages is harmless when not awarded.**

Any error in respect to issue of exemplary damages is harmless, where judgment awarded no such damages.

**2. New trial ⊜➾73—Court's refusal to allow exemplary damages because of favorable finding on issue of malice did not require retrial on issue of title.**

Where jury, on finding that cattle were wrongfully seized, found amount of exemplary damages, although finding there was no malice, court properly refused to render judgment for exemplary damages, but, since exemplary damages were collateral to main issue of title, there was no reason why retrial should be had on issue of title.

**3. Principal and agent ⊜➾21, 121—Agent may testify as to fact and extent of agency.**

Agent may testify as to fact of agency and extent of his authority on trial of case involving such question.

**4. Appeal and error ⊜➾1052(2)—Permitting agent to state conclusions of authority held harmless, in view of testimony of conversation with principal on which authority was based.**

Error, if any, in permitting agent to state his conclusion that he was authorized to sell cattle belonging to principal *held* harmless, where he had testified fully as to conversation with principal, on which he based his assertion that he was authorized to sell such cattle.

**5. Trial ⊜➾261—Refusal of special charge incorporated in charge otherwise objectionable held proper.**

Special charge, on question of burden of proof of agency, when incorporated with charge which was otherwise objectionable, *held* properly refused.

**6. Trial ⊜➾215—Instruction on law arising on facts in connection with issue of agency held improper, where case was submitted on special issues.**

Charge undertaking to instruct jury as to law arising on facts in connection with issue of agency *held* improper, where case was submitted on special issues.

**7. Sales ⊜➾140—Failure to give bill of sale on delivering cattle did not conclusively invalidate sale.**

Failure to give bill of sale for cattle at time of delivery *held* not to conclusively invalidate sale thereof.

**8. Principal and agent ⊜➾189(4)—Evidence of custom as to sale of cattle by ranch foreman held properly excluded, where defense was that foreman had express authority.**

Where defense, in suit to recover cattle, was that ranch foreman had express authority to sell cattle, evidence that sale of cattle was not ordinarily within scope of authority of ranch foreman *held* properly excluded.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Separate suits by Slaughter & Veal and by Bob Slaughter against H. G. Schneider, wherein defendant reconvened for damages, cases being consolidated and tried together. Judgment for defendant, and plaintiffs appeal. Affirmed.

Harper & Howard, of El Paso, for appellants.

Jones, Hardie & Grambling, of El Paso, for appellee.

⊜➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 16, 1927.

HIGGINS, J. Bob Slaughter and G. T. Veal, composing the partnership of Slaughter & Veal, sued Schneider to recover 44 head of cattle alleged to belong to the firm. Slaughter also sued Schneider to recover 22 head alleged to belong to him personally. Writs of sequestration were issued, and the cattle seized thereunder. Subsequently the cattle were replevied by the plaintiffs.

By agreement the cases were consolidated and tried as one.

Schneider bought the cattle from Rucker. Rucker bought from W. H. Rogers, who, in making the sale, undertook to act as agent for the plaintiffs. Schneider answered to the merits, and reconvened for damages, actual and exemplary, for the alleged wrongful and malicious issuance of the writ.

Upon special issues the jury found that Rogers had authority from the firm of Slaughter & Veal and from Bob Slaughter to sell the cattle in controversy. Judgment was rendered in Schneider's favor.

Our conclusions disposing of the various assignments and propositions submitted by appellants are as follows:

[1, 2] 1. All which relate to the issue of exemplary damages are overruled, for the reason that the judgment awarded no such damages. Error, if any, with respect to such issue is harmless. Germane to this question is the assertion that, because the court submitted the issues upon which Schneider based his claim for exemplary damages, and the jury found the amount of such damages sustained by him, and the court having refused to render any judgment for such damages, it could no nothing but grant a new trial. The court properly refused to render any judgment for exemplary damages because the jury found in favor of appellants upon the issue of malice and probable cause. The effect of that finding was to preclude recovery of exemplary damages by Schneider, but afforded no reason whatever why a retrial should be had of the issue of title to the cattle. The question of exemplary damages was wholly collateral to the main issue of title.

[3, 4] 2. The second assignment complains of the admission of testimony of Rogers showing that he was authorized to sell the cattle sued for. Under this assignment it is asserted: First, agency cannot be proven by the declarations of the assumed agent; second, his testimony to that effect was his conclusion. There is no rule which forbids an agent from testifying as to the fact of agency and extent of his authority upon trial of a case involving such question. The rule that agency cannot be proven by the mere declarations of the assumed agent has no application to testimony given upon the trial by the alleged agent as to the fact and extent of his authority. As to the objection that his testimony was but his conclusion, the bill taken to the admission thereof discloses no such objection made. Furthermore, the witness testified fully as to the conversation with Bob Slaughter upon which he based his assertion that he was authorized to sell these cattle. The error, if any, in permitting him to state his conclusion that he was authorized to sell was thus harmless. Moore v. Coleman (Tex. Civ. App.) 195 S. W. 212, and cases there cited.

[5, 6] 3. The special charge requested by appellants placing upon Schneider the burden of proving the agency of Rogers was properly refused, because it was incorporated in a charge which was otherwise objectionable. Among other objectionable features it undertook to instruct the jury as to the law arising on the facts in connection with the issue of agency. Charges of that nature are improper in cases submitted upon special issues. Connellee v. Nees (Tex. Com. App.) 266 S. W. 502; Railway v. Harrington (Tex. Com. App.) 235 S. W. 188; Humble, etc., v. McLean (Tex. Com. App.) 280 S. W. 557.

[7] 4. The fact that no bill of sale was given to Rucker, and by Rucker to Schneider when the cattle were delivered, did not conclusively invalidate the sale thereof. Wells v. Littlefield, 59 Tex. 561; Powell v. Stephenson (Tex. Civ. App.) 189 S. W. 570.

[8] 5. Rogers was the foreman of the Slaughter & Veal ranch from whence the cattle came. Schneider did not contend that a ranch foreman has implied authority to sell his employer's cattle. The defense was that Rogers had express authority from Bob Slaughter and Slaughter & Veal to sell these particular cattle. The court therefore did not err in excluding evidence to show that according to custom the sale of cattle is not ordinarily within the scope of the authority of a ranch foreman. Nor do any of the other rulings upon evidence present any error.

6. The testimony of Rogers, strongly corroborated by other facts and circumstances disclosed by the record, supports the jury's finding that Rogers was authorized by plaintiffs to sell the cattle sued for; therefore all assignments and propositions which in various forms attack the sufficiency of the evidence to support the verdict and judgment are overruled.

Affirmed.