**YELLOW CAB CO., Inc., v. McCLOSKEY**
**et al.**
No. 9550.

Court of Civil Appeals of Texas. San
Antonio.

April 24, 1935.

Rehearing Denied May 22, 1935.

Templeton, Brooks, Napier & Brown,
W. F. Nowlin, and Harper MacFarlane, all
of San Antonio, for appellant.

Charles J. Lieck, and J. Otis Calvert,
both of San Antonio, for appellees.

MURRAY, Justice.

Appellees, Frank P. McCloskey and
Charles J. Lieck, as interveners, sued the
Yellow Cab Company, Inc., to recover a
one-half interest of the damages alleged
to have been sustained by Mrs. L. E. Mur-
phy when an automobile in which she was
riding collided with a cab belonging to ap-
pellant, Yellow Cab Company, Inc. Prior
to the time of the trial, Mrs. L. E. Mur-
phy and her husband, L. E. Murphy, had
settled their claim for damages with appel-
lant, and this appeal involves only the one-
half undivided interest alleged to have
been assigned by Mr. and Mrs. Murphy
to appellees.

The trial was to a jury, and resulted in
all issues being answered in favor of ap-
pellees. From the resulting judgment, the
Yellow Cab Company, Inc., has prosecuted
this appeal.

Appellees insist that this court should
dismiss the appeal because the appeal
bond was filed before the entry of the or-
der overruling the motion for a new trial.
We do not sustain this contention. Article
2253, Rev. St., as amended by Acts 1927,
40th Leg., p. 21, c. 15, § 1 (Vernon's Ann.
Civ. St. art. 2253), reads as follows:

"An appeal may, in cases where an ap-
peal is allowed, be taken during the term

of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

It is plain from the provisions of the above article that an appeal bond must be filed not later than 20 days after adjournment of the term of court at which the final judgment was rendered where the term of court may by law not continue more than 8 weeks. In this case final judgment was rendered and entered at the February term of the Fifty-Seventh district court, which term of court was by law for not more than 8 weeks. The time to file the appeal bond was not more than 20 days after adjournment. It is true that the order overruling the motion for a new trial was entered nunc pro tunc after the appeal bond was approved and filed, but, where a term of court does not continue by law for more than 8 weeks, the time to file the appeal bond is not made to depend upon the rendering or the recording of the order overruling the motion for a new trial, but must simply be filed after the rendering and entering of record of the final judgment, and not later than 20 days after the adjournment of such term of the court.

The rule is different where court may continue in session by law for more than 8 weeks, for the reason that the time of filing an appeal bond under such circumstances dates from the overruling of the motion for a new trial; and this has been properly construed to mean the spreading of such order on the minutes of the court. Gilmore v. Ladell (Tex. Civ. App.) 34 S. W.(2d) 919; Stinnett v. Dudley (Tex. Civ. App.) 277 S. W. 801.

We think that the rule stated in Slayden & Co. v. Palmo (Tex. Civ. App.) 90 S. W. 908, to the effect that an appeal lies from a nunc pro tunc entry of a final judgment, and that all time must be computed from the date of the actual entry of the nunc pro tunc judgment, is the correct rule from every standpoint; but in the case at bar we do not have a nunc pro tunc entry of a final judgment.

■ By its first proposition appellant contends that there should be a reversal of the judgment herein, because of the opening statement made to the jury by the attorney, Lieck. We do not find any error in this statement. The statement shows that the attorney made it plain to the jury that he was stating what he expected to prove. There was nothing improper in the statement.

It appears from the evidence that, after Mr. and Mrs. Murphy had settled their claim against the appellant, Charles J. Lieck, an attorney at law, who, together with McCloskey, held an assignment to a one-half interest in this claim, wrote a letter to Mrs. Murphy and requested that she call at his office. Mrs. Murphy complied with his request, and was informed by Lieck that, even though she had settled her half of the claim, he and McCloskey intended to continue to prosecute their one-half interest in this claim. Lieck further told her that he did not think that she had been dealt with fairly by appellant, and that, in the event he and McCloskey secured a judgment, they intended to give her an interest in the same. It is not quite clear just what interest she was to have, but Mrs. Murphy testified it was to be a two or three thousand dollar interest. It is obvious that recovery in this case would depend largely upon the testimony of Mrs. Murphy and that the giving to her of a share in the recovery would stimulate her interest in the lawsuit.

■ By its second proposition appellant contends that this agreement between Lieck and Mrs. Murphy was champertous and contrary to public policy, and that a judgment, based at least in part on the testimony of Mrs. Murphy, after she had entered into such an agreement, should be set aside. We cannot agree with this contention. It has been definitely held that the common-law rules with reference to champerty and maintenance are not in force in this state. Wheeler v. Riviere (Tex. Civ. App.) 49 S. W. 697; McCloskey v. San Antonio Traction Co. (Tex. Civ. App.) 192 S. W. 1116. The authorities cited by appellant do not apply in this state. Furthermore, the suit here is not based upon the alleged champertous agree-

ment,. but such agreement is only incidental to the main suit, and, even though the agreement between appellees and Mrs. Murphy be void and illegal, it would not justify our setting aside the judgment herein.

By its third proposition appellant contends, in effect, that Mrs. Murphy was incompetent as a witness to testify to the facts which would show that she had authority to sign her husband's name to the assignment of an interest in her claim for damages to McCloskey and Lieck. The rule that agency cannot be established by the declarations of the agent does not apply to the testimony of the agent when given under oath at the trial of the cause. Restatement of the Law of Agency by American Law Institute, § 285, p. 642; Slaughter & Veal v. Schneider (Tex. Civ. App.) 289 S. W. 414; 2 Tex. Jur. 538, §§ 137, 138. The proposition is overruled.

We agree, to some extent, with the contention made by appellant in its fourth proposition to the effect that it was a conclusion of the witness, Mrs. L. E. Murphy, when she stated that she had her husband's authority to sign his name to the assignment of a one-half interest in her claim for damages, but, in view of the fact that her authority is testified to by her husband, and also in view of the fact that ratification is shown, this proposition does not present reversible error.

By its fifth proposition appellant complains of the exclusion of interrogatory No. 7, and the answer thereto, of the deposition given by the witness Edward S. Klein. The statement fails to show that any exception was taken to the action of the court in excluding this question and answer. Furthermore, it appears that practically the same matter was placed before the jury by question No. 6 and the answer thereto. This proposition is overruled.

Proposition No. 6 is overruled. The evidence is sufficient to show that the assignment to McCloskey was authorized by Mr. L. E. Murphy. The evidence also shows that the execution of the assignment was ratified by him. His ratification was sufficient to render the assignment valid. 23 Tex. Jur. p. 150, § 120.

Propositions 7, 8, and 9 are overruled. The bill of exceptions as. qualified by the trial judge and accepted by appellant does not show any improper argument to the jury.

Appellant's remaining propositions have been considered and are overruled, as they present no reversible error.

The judgment is affirmed.