**JURACH v. COX.**

No. 9825.

Court of Civil Appeals of Texas.
San Antonio.
March 11, 1936.

Rehearing Denied April 1, 1936.

Sidney P. Chandler, of Corpus Christi, and Gordon Gibson, of Laredo, for plaintiff in error.

W. B. Moss, of Sinton, Jones & Kirkham, of Corpus Christi, and L. Hamilton Lowe, of Austin, for defendant in error.

SMITH, Chief Justice.

This action for damages was brought by J. B. Jurach against Paul Cox, in the district court of Nueces county, and tried in the district court of San Patricio county, to which the venue had been changed, upon application of Cox. From an adverse judgment, Jurach has appealed by writ of error. The parties will be here designated as plaintiff and defendant, respectively, as in the trial court.

At the time the matter in controversy occurred, defendant was sheriff of Nueces county, and Haney Hanson was a deputy under him. Plaintiff alleged that Hanson arrested him upon false charges of driving an automobile while intoxicated, and that in making the arrest Hanson brutally assaulted him, without provocation, whereby he was seriously and painfully injured. Plaintiff further alleged that Hanson threw him in jail, and kept him there overnight, while he was suffering intense pain from said injuries, and denied his requests for medical attention, and refused to take him before a magistrate or permit him to procure counsel or communicate with his friends or family; that Hanson forced him to pay, or took from him, $17.50 as a fine, although he had not been arraigned or tried for any offense. Plaintiff alleged that defendant, as sheriff, ratified the acts of his

deputy, and was therefore liable therefor. Plaintiff sued for large sums, for mental and physical pain, loss of time and expenses, and for exemplary damages. The case was submitted somewhat fully to a jury, upon special issues, all of which were answered against plaintiff. The appeal is predicated upon twenty-five assignments of error, and a like number of propositions, several of which are grouped, with doubtful propriety.

Plaintiff first urges that the court erred in sustaining defendant's application for change of venue. That issue was tried out at length, with numerous witnesses in behalf of defendant, most of whom expressed the opinion that defendant—who had just gone through a heated campaign for reelection as sheriff, in which this and other transactions of an alleged similar nature were leading issues—could not get a fair trial in Nueces county. In rebuttal of that evidence, including newspaper articles in which this and related transactions were exploited, plaintiff called two of the jury panel, one of whom testified that in his opinion defendant could get a fair trial in the county, and the other of whom testified, in effect, that defendant would, in his opinion, have a "fifty-fifty" chance of a fair trial. We are of the opinion that the evidence was such as to support the trial court's finding upon the issue raised by the application for change of venue; certainly the record is not such as to justify a holding by this court that the judge trying this issue abused his discretion in granting the application. We overrule plaintiff's first proposition.

There was evidence sufficient to support the jury finding that at the time of his arrest plaintiff was intoxicated. In the course of the testimony of plaintiff's wife she testified that she knew the "habits of" her husband "with reference to drinking"; that "never in his life before" had her husband "stayed away all night." After this testimony was admitted defendant objected to it, and the court sustained the objection, but did not exclude the testimony from the consideration of the jury, who retained it. Thereupon, plaintiff's counsel asked the witness: "How often, if ever, during your married life has your husband been intoxicated or drunk?" To which the witness answered: "Well, he never has been drunk as long as I've known him, and nobody in this world can make me believe he was drunk." Upon defendant's objec-

tion the trial judge instructed the jury not to consider that answer of the witness, and plaintiff complains, in his second proposition, of that ruling. We conclude that the stricken answer was obviously inadmissible, for any purpose relevant to this case, and therefore overrule the proposition.

Plaintiff's propositions 3 to 8, inclusive, present numerous complaints of the testimony of one Alvin Becker, a witness for defendant, concerning the effect, upon him, of drinking "home-brew."

The witness Becker testified that on numerous occasions he had drunk home-brew; had observed it sold to and drunk by others; that he had never tested the beverage more than by drinking it; that he was able to say whether it was intoxicating; and that all he ever drank was about two bottles at a time, and that that was "all he could handle." Plaintiff strenuously objected to this testimony, upon the grounds that it was irrelevant, immaterial, not in rebuttal of other testimony; that the witness was testifying about home-brew he had drunk; that the witness could give his opinion as to whether whisky is intoxicating, but that "to state that the particular fluid being drunk at that time was intoxicating without having tested it" was irrelevant and immaterial. It seems that plaintiff had previously testified that the home-brew drunk by him before and leading up to his arrest was not intoxicating. We are of the opinion that the testimony of Becker was not of such nature, even if inadmissible over plaintiff's objections, as to warrant reversal of the judgment. Obviously, it could not have materially influenced any of the jury's findings.

It appears that during the trial one of plaintiff's attorneys testified in behalf of plaintiff. Upon cross-examination the attorney was asked, and answered, the following questions:

"Q. One of those suits is predicated on an injury to your brother— A. Yes, sir.

"Q. Now under indictment in that court down there? A. No, sir.

"Q. In Brownsville? A. Yes, sir.

"Q. Transferred to Cameron County from Nueces County? A. Yes, sir."

In his ninth proposition plaintiff complains of this testimony; but as it was elicited and admitted without objection from plaintiff, he cannot complain thereat on appeal, and the proposition must be overruled.

In the same connection the same witness testified, in response to questions by his co-counsel for plaintiff:

"Q. Was your brother under indictment at that time? A. No; my brother has been indicted since that time, since August 14, 1933, – and Paul Cox is the only witness that appeared before the grand jury against my brother."

After that testimony was admitted, defendant objected to it, and the court sustained the objection; but no motion was made to exclude the testimony, which remained with the jury. Plaintiff complains, in his tenth and eleventh propositions, of the ruling of the court in sustaining the objection to that testimony; but as it was never excluded, plaintiff got the full benefit of it. We overrule said propositions.

In his thirteenth, fourteenth, fifteenth, and sixteenth assignments of error, submitted as propositions and improperly grouped, plaintiff complains of the action of the court in overruling plaintiff's objections to four certain special issues submitted to the jury. The four issues are separate, and each presents a separate and distinct question of law, and plaintiff's objection to each is likewise separate and raises distinctly different questions of law. The assignments are therefore not entitled to consideration in this appeal, not only for the reasons stated, but for other patent reasons not necessary to point out, or discuss, here. We have, nevertheless, considered the assignments, and are of the opinion that the charges are not subject to the objections urged by plaintiff, wherefore the assignments will be overruled.

Plaintiff has, with equal disregard of the rules for briefing, grouped his assignments 18, 19, 20, 23, and 24, and submitted them as propositions of law. In those assignments plaintiff contends that the evidence was insufficient to support the jury findings upon special issues 1, 1-A, 3, 12, and 13, each of which submits a separate, distinct, and different question. We overrule those assignments, upon the conclusion that the evidence supported the jury's answers thereto.

The jury found, in response to special issue 1, that the injuries received by plaintiff were not caused by the acts of the arresting officer, and in answer to special issue 1-A, that in arresting plaintiff the officer used no "more force than was rea-

sonably necessary to effect his arrest, under the facts and circumstances in evidence." In his twenty-fifth assignment, adopted as a proposition, plaintiff asserts that the answers are in irreconcilable conflict. We see no irreconcilable conflict in those findings, especially in the light of the further findings, in answer to special issue 13, that plaintiff resisted the efforts of the officer to arrest him, and in answer to special issue 14, that plaintiff's injuries were caused by his own acts in so resisting. For a like reason we do not regard the answer to special issue 1 as in irreconcilable conflict with the answers to special issues 13 and 14. We overrule the twenty-fifth assignment.

Plaintiff having failed to show reversible error, the judgment is affirmed.