state, subject to execution, sufficient to pay his existing debts. Article 3997, Rev. Stat.1925; Maddox v. Summerlin, 92 Tex. 483, 49 S.W. 1033, 50 S.W. 567; Dixon v. Sanderson, 72 Tex. 359, 10 S.W. 535, 13 Am.St.Rep. 801; Dosche v. Nette, 81 Tex. 265, 16 S.W. 1013; Speed v. Gilliland (Tex.Civ.App.) 18 S.W.(2d) 762 (writ error ref.); 20 Tex.Jur. p. 416.

If we concede that payment of the $4,000 was actually made, full value was not paid because the integral part of the consideration, viz., an equivalent amount in value, to what the father had spent on the elder son, was erroneously considered and taken into consideration, which part of the recited consideration, as we have said above, being void, the entire property was conveyed for a grossly inadequate consideration, viz., only $4,000.

In Paddock v. Jackson, 16 Tex.Civ.App. 655, 41 S.W. 700, 702, an insolvent grantor volunteered to sell to J., an old friend, for $1,000, property which was worth $3,000. J. knew the grantor was heavily involved. Judge Williams said: "By the conveyance to Jackson, Ayers stripped himself of all of his property within the reach of his creditors, converting it into money. The necessary effect of this was to defraud his creditors. Jackson aided him in doing this, when he had notice of his insolvency, and of the effect which the conveyance would have upon the interests of creditors. The absence of a bad motive does not relieve the transaction of its fraudulent character. The parties are held to have contemplated the consequences of their act, and this constitutes the fraudulent intent which vitiates the conveyance."

So here, the effect of the conveyance was to strip the father of all his property within the reach of his creditors, and convert it into money, the necessary effect of which was to defraud the father's creditors.

If we treat the boy as a creditor of his father to the extent of the expected inheritance or distributive share of his parents' estate, which seems to have been the reason given by the father for making the deed, then while he might, under that theory, have taken in property not more than reasonably sufficient in value to discharge the so-called claim, yet when he received the transfer to property exceeding in value the amount of such claim and paid cash in addition, the transaction was fraudulent. Gallagher v. Goldfrank, 75 Tex.

562, 12 S.W. 964; Seligson v. Brown, 61 Tex. 180; Oppenheimer v. Halff, 68 Tex. 409, 4 S.W. 562; Elser v. Graber, 69 Tex. 222, 6 S.W. 560.

The judgments of the trial court and Court of Civil Appeals are reversed, and judgment is here rendered in favor of plaintiff in error denying the injunction prayed for.

Opinion adopted by the Supreme Court.

**WILLSON et al. v. KUHN et al.**
No. 9969.

Court of Civil Appeals of Texas.
Aug. 4, 1936.

Cooper Ragan, of Houston, and Oswald S. Parker, of Beaumont, for appellants.

Harry Holmes and Fouts, Amerman, Patterson & Moore, all of Houston, Orgain, Carroll & Bell, of Beaumont, and Boyles, Scott & Fahey, Elbert Roberts, Edgar Monteith, R. E. Seagler, and Wm. E. Loose, all of Houston, for appellees.

PLEASANTS, Chief Justice.

Four or five months ago this court, after due consideration of appellees' motion for rehearing, and a careful re-examination of the numerous briefs and redundant record in the case, unanimously agreed that the motion for rehearing should be refused.

It was also understood by all the members of the court that the announcement of the judgment of the court on the motion would be withheld until the writer of the original opinion should determine whether an opinion was necessary or expedient in reply to the arguments and briefs of appellees in support of their motion for rehearing.

Since that time circumstances beyond the control of the writer, combined with other pressing official duties, have absorbed his time and attention and caused the delay in announcing the decision of the court upon the motion.

We adhere to our conclusion that the judgment of the trial court should be reversed and the cause remanded.

■ In support of our conclusion that the Texas Banking & Investment Company was not a necessary party to appellants' suit to set aside the judgment of the court below in favor of appellees, because of the fact that such corporation had no interest in the subject-matter of the suit, we add the following: The suit is not one to reopen the cause in which the judgment sought to be set aside was rendered for new trial, but a suit to have that judgment set aside on the ground that it was void because appellants were not parties to the suit in which it was rendered. It seems to be the rule of decision in this state that in a suit to annul a judgment on the ground that, although it appears valid on its face, it is void as to those seeking its annulment

because they were not parties to the suit in which the judgment was rendered, it is only necessary to make those who have apparent rights under the judgment parties to the suit for annulment. Garza v. Kenedy (Tex.Com.App.) 299 S.W. 231; Bonner v. Pearson (Tex.Civ.App.) 7 S.W.(2d) 930-932; De Garcia v. Ry. Company (Tex. Civ.App.) 77 S.W. 275; Payne v. Hook, 7 Wall. (74 U.S.) 425, 19 L.Ed. 260-262.

These decisions are so consonant with reason and justice that we have no doubt of their legal soundness.

■ With their motion for rehearing appellees presented a motion for additional conclusions of fact. This motion requests this court to make twenty-four findings of fact in addition to the facts stated in our original opinion. Most, if not all, of these requested fact findings are fully sustained by the record, but we do not think they have any controlling effect upon the questions discussed and decided in our original opinion. We do not think the fact that at the time the deed from Higgins to the Texas Investment Company was executed that joint-stock association had by resolution of its members changed its name to Texas Banking & Investment Company, is material on any of the questions presented by this appeal.

■ Willson, to whom the deed was delivered, was the president of the first company, and after its change of name continued as president. We think the execution and delivery of the deed to Willson placed the title in the Texas Banking & Investment Company.

■ There was no direct evidence offered by appellants showing what was paid by Willson as consideration for this conveyance, other than the recitals of consideration contained in the deed.

While this lack of further evidence by the appellants of the consideration for the conveyance tended to weaken the force of the evidence set out in our main opinion as sufficient to sustain a finding against appellees' claim as to what was the real consideration, it does not destroy the appellants' evidence upon this issue, nor authorize the trial court to take that issue from the jury. The motion for rehearing, and also the request for additional conclusions of fact, are overruled.