## U. S. ROYALTY ASS'N v. STILES et al.

### No. 5037.

Court of Civil Appeals of Texas. Amarillo.

July 3, 1939.

Rehearing Denied Sept. 11, 1939.

Clayton Heare, of Shamrock, for appellant.

Sanders & Scott and Howard F. Saunders, all of Amarillo, for appellees.

JACKSON, Chief Justice.

The record shows that on July 11, 1931, W. G. Stiles and wife, Lizzie Stiles, did grant, bargain, sell and convey to the U. S. Royalty Association by an instrument containing a general warranty an undivided one-half interest in and to the oil, petroleum, gas, coal, asphalt and all other minerals of every kind and character in and under the east half of section 25, block A–3, H. & G. N. Ry. Co. Survey in Wheeler County, Texas, containing 320 acres of land. This conveyance was recorded on August 19, 1931, in Volume 77, page 60 et seq., in the Deed Records of Wheeler County, Texas.

On July 1, 1936, the U. S. Royalty Association, as lessor, granted, leased and let by an instrument containing a general warranty, to the Humble Oil & Refining Company as lessee an undivided one-half interest in and to the east half of section 25, block A–3, H. & G. N. Ry. Co. Survey in Wheeler County, Texas, for the purpose of investigating, exploring, prospecting, drilling and mining for and producing oil, gas and all other minerals, laying pipe lines, building tanks, power stations, telephone lines and other structures thereon to produce, save and take care of, treat, transport and own said products.

Lizzie Stiles died intestate September 15, 1935, and W. G. Stiles died intestate November 18, 1935, and the title to the land above described vested in their descendants, Gordon, Robert and Elizabeth Mackey Stiles and Elsie Stiles Walker, and they are now seized and possessed of all the right, title and interest in the estate of their deceased parents in the land.

The record shows that a permanent administration on the estates of both Mrs. Lizzie Stiles and W. G. Stiles was granted on December 2, 1935, and that such administration had terminated before the trial of this case.

On November 24, 1937, the heirs of W. G. and Lizzie Stiles, the decedents, the

appellees herein, filed their third amended original petition in the District Court of Wheeler County to recover title and possession, or to cancel the conveyance of their parents to the U. S. Royalty Association and alleged that it is "an unincorporated association operated as a trust estate having as its sole trustee Edward Pattee". They pleaded a suit in trespass to try title and in the alternative sought a cancellation of said mineral or royalty deed, the date of which they allege to be July 11th, 1931, because of the alleged fraud of Edward Pattee, the trustee of the association, who they assert falsely represented to the deceased W. G. Stiles that the association would begin the drilling of a test well for oil or gas in a designated area within one year from July 11, 1931, and drill such well to a depth of 3,500 feet; that no well was drilled or begun, no test made; that such representations were false, known to be false when made and made designedly and with the intention of securing the conveyance. They also alleged that the consideration for the land had failed and that they had sustained damages in excess of the value of the mineral interest conveyed by the deed because of the failure of the appellant to drill for oil and gas as represented.

The appellant answered by plea of not guilty, a general denial and the statute of two years limitation, article 5526, R.C.S. and the statute of four years limitation, article 5527, R.C.S. estoppel, laches and stale demand.

By a supplemental petition appellees alleged as a defense to the limitation pleaded that Edward Pattee, the sole trustee of appellant, was absent from the State for a period of two years since July 1, 1932.

In response to special issues submitted by the court in his general charge, material to a disposition of this appeal, the jury found, in substance, that Edward Pattee, acting for the U. S. Royalty Association, represented to W. G. Stiles that the association would cause a well to be drilled for oil to a depth of 3,500 feet within twelve months from July 11, 1931, within one mile and a half of a certain farm in Wheeler County; that the association failed to drill an oil well within twelve months from July 11, 1931, within a mile and a half of said farm; that such representations were false and made to induce W. G. Stiles to make the conveyance and rely thereon; that he did rely on said representations; that the representations were known to be false by Edward Pattee at the time they were made.

On the undisputed fact that appellant had leased the land involved to the Humble Oil & Refining Company and the findings of the jury, the court rendered judgment that the appellees have and recover of and from the appellant U. S. Royalty Association, a trust estate, and its trustee, Edward Pattee, the entire interest of said estate and trustee in the mineral deed dated July 11, 1931, and title and possession of said tract of land "subject to the rights of said lessee, Humble Oil & Refining Company, held by virtue of said oil and gas lease."

The appellant challenges as error the action of the trial court in rendering judgment in behalf of appellees against the U. S. Royalty Association and its trustee for the cancellation of the mineral deed and the title and possession in and to the minerals in said tract of land subject to the rights of the Humble Oil & Refining Company because the record shows without controversy that said company was not a party to the suit, held a valid lease on the land, was interested therein and an indispensable party.

In our original opinion we sustained this contention of appellant, reversed the judgment and remanded the cause.

The judgment recognized the right of the Humble Oil & Refining Company evidenced by the lease from appellant and since the original opinion was written the appellees have filed a motion, accompanied by uncontroverted proof, that any question as to the title or interest of the Humble Oil & Refining Company in the land involved could not be affected by the judgment of the trial court nor by the disposition of this appeal, claiming such question is moot by virtue of certain contracts between them and the Humble Oil & Refining Co. Copies of the contracts accompany the motion and disclose that on March 21, 1938, prior to the judgment herein, the appellees, for a valuable consideration, executed and delivered to the Gulf Oil & Refining Company as lessee, a lease covering the same land and granting the same rights that are contained in the lease of July 1, 1936, from the U. S. Royalty Association to the Humble Oil & Refining Company; that such lease is escrowed with the First National Bank of

Pampa, Texas, to be delivered to the Humble Oil & Refining Company if and when appellees recover the mineral rights involved in this suit, with the provision that if appellees are unsuccessful in the suit the bank shall redeliver to the appellees the lease so placed in escrow. Under these facts the interest ,of the Humble Oil & Refining Company is in no way involved in the litigation, will not be affected thereby, and therefore it was not an indispensable party to the suit.

■ The facts now disclosed show we erroneously reversed the judgment and remanded the cause in our former opinion for want of a necessary party and appellees' motion for a rehearing is granted.

■ The appellee challenges the jurisdiction of this court to consider this appeal for the reason that appellant filed its appeal bond on June 6, 1938, prior to the entry on motion therefor of an order nunc pro tunc overruling its motion for a new trial, the exception to such order, with the notice of appeal.

The judgment on the verdict was rendered May 2, 1938, at a regular term which was by law limited to seven weeks. R.C.S.1925, Article 199(31). The appellant filed its motion for a new trial May 4th. On May 5th the court made this entry on his docket: "5–5–38. Defendant's motion for new trial overruled—excepts and gives notice of appeal." The court adjourned May 25, 1938. The appeal bond was filed and approved June 6th thereafter. The judgment nunc pro tunc overruling the motion for a new trial and the exception thereto with the notice of appeal was filed June 8, 1938, as of May 5, 1938. Under the authority of Yellow Cab Co., Inc., v. McCloskey et al., Tex.Civ. App., 82 S.W.2d 1042, appellees' contention relative to the jurisdiction of this court is overruled.

The appellant urges as error the action of the court in holding that the four years statute of limitation pleaded by it did not constitute a defense to appellees' cause of action and bar a recovery since the record, it asserts, shows without dispute that more than four years elapsed after the accrual of their cause of action for rescission and cancellation of the mineral deed because of fraud.

The record reveals that the parents of appellees, who were the common source of title, conveyed to the U. S. Royalty Association the mineral rights to the land in-

volved on July 11, 1931. The jury found that the appellant had promised to drill a well on a certain farm near appellees' property within one year after July 1, 1931; that no well was drilled; that such promise was false and made with fraudulent intentions. Under these unquestioned findings and the facts, appellees' cause of action accrued one year after July 11, 1931, and was barred by four years limitation unless limitation was interrupted by some intervening legal cause.

Lizzie Stiles, the mother of appellees, died intestate on September 15, 1935, and W. G. Stiles, their father, died intestate November 18, 1935. An administrator of their estates was appointed December 2, 1935, and under article 5538 limitation ceased to run from the date of their death until the time of the qualification of their administrator—a period of less than three months. The record shows that the appellees instituted their original suit on March 16, 1937, in the form of a trespass to try title; that their first amended original petition was filed April 9, 1937, and their second amended original petition filed November 12, 1937, both likewise in the form of trespass to try title of the mineral interests in dispute, and on November 24, 1937, the third amended original petition was filed in which for the first time appellees asked for the cancellation of the mineral deed on account of fraud.

■ The appellees were not entitled to the equitable remedy of cancellation and rescission under the action of trespass to try title. Groesbeeck et al. v. Crow, 85 Tex. 200, 20 S.W. 49; Grundy et al. v. Greene, Tex.Civ.App., 207 S.W. 964.

■ The deed conveying the mineral rights was made to the U. S. Royalty Association but if this did not vest the title in such unincorporated association, Willson et al. v. Kuhn et al., Tex.Civ.App., 96 S.W.2d 236, the grant to the association would not fail for the want of a grantee but title would vest in the members of the association. 5 Tex.Jur. 135, para. 15.

■ The appellees' cause of action for the cancellation of the deed conveying the mineral rights to appellant, on account of fraud, was a suit to rescind and the four years statute of limitation applied. Thomason et al. v. McIntyre et ux., 113 Tex. 220, 254 S.W. 315. The cause of action accrued not later than July 12, 1932. The short time that limitation ceas-

ed to run under article 5538 would not be sufficient to defeat this plea of limitation.

 In order to avoid the defense of limitation when alleged as a defense to a cause of action which, as in this case, appears to be barred on the face of the petition, "It is incumbent upon the plaintiff to plead facts showing that he is within one of the exceptions to the statute, or which excuse the delay in bringing the suit." 28 Tex.Jur. 294, para. 200.

Appellees do not claim that they did not discover the fraud on July 12, 1932, when their cause of action for rescission and cancellation accrued, nor that they could not have by the exercise of reasonable diligence made such discovery, Glenn v. Steele et al., Tex.Com.App., 61 S.W.2d 810, but to avoid limitation they allege, as stated above, that Edward Pattee, the sole trustee of appellant, was absent from the State of Texas for a period of two years since July 1, 1932. They do not allege that the U. S. Royalty Association was absent from the State any part of the period of limitation, unless the absence of the sole trustee constituted in law absence of the association.

At the request of appellees the court submitted special issues in response to which the jury found that Edward Pattee became a non-resident of the State of Texas before July 12, 1932, and had continued to be such non-resident to the time of the trial. From these findings it necessarily follows that the appellant was a non-resident when appellees' cause of action accrued, one year after July 11, 1931.

In Brotherhood of Railroad Trainmen v. Cook, Tex.Civ.App., 221 S.W. 1049, writ refused, it is held that the residence of an association such as appellant is to be determined like that of a corporation and would be at the place of the general headquarters of the governing officers and body, but if this is not the law it would not avail appellees against limitation because if the U. S. Royalty Association be considered an entity separate and distinct from the sole trustee, no facts were pleaded to avoid limitation.

Article 5537, R.C.S.1925, under which appellees seek to avoid the four years statute of limitation, reads as follows: "If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which

the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

 The courts in an unbroken line of decisions hold that this statute has no application to persons who were non-residents of the State of Texas at the time the cause of action accrued. Simonds et al. v. Stanolind Oil & Gas Co. et al., Tex. Sup., 114 S.W.2d 226, and authorities cited.

 Under this record and the authorities we conclude that appellees' cause of action was barred by the statute of four years limitation.

Our former opinion is withdrawn, our judgment set aside, and the decree of the trial court reversed and here rendered that appellees take nothing by their suit.