## BARRERA v. DUVAL COUNTY RANCH CO.

No. 10636.

Court of Civil Appeals of Texas. San Antonio.

Dec. 13, 1939.

Rehearing Denied Jan. 10, 1940.

Wm. R. Quilliam, of Hebbronville, and Lester Whipple and Tabor Stone, both of San Antonio, for appellant.

Perkins & Floyd, Frank T. Morrill, and Lloyd & Lloyd, all of Alice, and Otis Meredith, of Houston, for appellee.

MURRAY, Justice.

This suit was instituted by the Duval County Ranch Company against Estevan Barrera and Quirino Gonzales seeking to recover the title and possession of Surveys Numbers 263, 264, 908, 910, 46 and 48, all located in Duval County. Quirino Gonzales disclaimed. Estevan Barrera answered plaintiff's cause of action and also filed a cross-action seeking to recover Surveys Numbers 908, 910, 46, 48 and a small portion of Surveys 263 and 264. He disclaimed as to the remainder of these last two surveys.

The trial was to a jury, and, upon the verdict of the jury, the court entered judgment for the Ranch Company, from which judgment Estevan Barrera has prosecuted this appeal.

Appellant, Estevan Barrera, first complains because certain letters from the Land Commissioner of this State were admitted in evidence. We cannot consider this proposition because the question was not presented to the trial court by his motion for a new trial. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; Rules for the Courts of Civil Appeals, Rule 24, as amended, 99 S.W.2d xxix.

Appellant next complains that the attorneys for appellee were permitted to examine Estevan Barrera as to whether or not he would steal cattle or other property that did not belong to him. This testimony was not objected to when offered and appellant thereby waived his right to here complain that such testimony was admitted. Abshier v. Reavis, Tex.Civ. App., 54 S.W.2d 1102; Coleman v. Klein, Tex.Civ.App., 97 S.W.2d 265; Jurach v. Cox, Tex.Civ.App., 92 S.W.2d 1065.

Appellant next complains that he was not allowed to introduce evidence of his good reputation for truth and veracity. It is a well settled rule that a party litigant cannot ordinarily offer evidence of his own

good character for truth and veracity until the same has been put in issue by the opposing party. Appellee did not put in issue the character of appellant and therefore the court properly refused to allow appellant to offer evidence of his own good character for truth and veracity. Appellant contends that his character for truth and veracity was put in issue when he was asked if he would steal cattle, to which he had answered that he would not. This question or similar questions did not have the effect to place in issue the reputation of appellant for truth and veracity. Blumrosen v. Burke, Tex.Civ.App., 296 S.W. 987; Shell Pipe Line Corp. v. Coston, Tex. Civ.App., 35 S.W.2d 1056; Fox v. Robbins, Tex.Civ.App., 70 S.W. 597.

■■ Appellant next complains that he was not permitted to introduce in evidence the petition of appellee for the purpose of showing that appellee also was claiming the land by limitation. Appellant especially wishes to establish such fact because appellee, through his counsel, had insinuated that claiming land by limitation was similar to theft of cattle. The petition was properly excluded. It was not an abandoned pleading, but was the petition on which appellee had gone to trial. It had presumably been read to the jury and was before them for the purpose of showing on what facts appellee was basing his cause. The jury were already informed that appellee was basing his claim to the land on the respective statutes of limitation, and offering the petition in evidence would have added nothing to the information already before the jury. Furthermore, appellant did not except to the ruling of the court excluding the petition from evidence, and is not now in a position to complain of such ruling. Yellow Cab Co., Inc., v. McCloskey, Tex.Civ.App., 82 S.W.2d 1042; Merchants' Casualty Company v. Bailey, Tex.Civ.App., 113 S.W.2d 630.

■ Appellant's fifth proposition complains because tenancy agreements signed by appellant and another party were admitted in evidence, though not included in appellee's abstract of title. We overrule this proposition. The tenancy agreements were admissible to refute appellant's claim of title by limitation and were not required to be included in appellee's abstract of title. Davis v. Cisneros, Tex.Civ.App., 220 S.W. 298; Wolf v. Wilhelm, Tex.Civ.App., 146 S.W. 216.

■ Appellant next complains that the tenancy agreements should not have been permitted in evidence because they were without consideration, were fraudulent and void. We overrule this contention. The execution of the instruments were shown before they were introduced in evidence, and also enough evidence to establish a reasonable probability of the genuineness of these instruments, and whether or not they were fraudulent and void might become an issue for the jury under proper instructions, but would not control the admissibility of the instruments. In Jackson v. Nona Mills Co., 61 Tex.Civ.App. 141, 128 S.W. 928, 929, 930, it is said: "It has been held—and we think the rule a sound one—that, 'if there is a reasonable probability established that the paper is what it purports to be, the question then becomes one for the jury, and the paper ought to go before them with the evidence impeaching its genuineness, with proper instructions.'" See, also, Porter v. Rogers, Tex.Civ.App., 293 S.W. 577.

■ Appellant next contends that the court should not have rendered judgment for possession of the land described in the tenancy agreements if they were valid and legally in evidence. We overrule this contention. The agreements provided that should appellant at any time assert an adverse claim to the land described therein, Humble Oil and Refining Company, its successors and assigns shall have the right to terminate said agreements and to immediately repossess said land. Appellee is an assign of Humble Oil and Refining Company. Appellant, both prior to this lawsuit and as a part of his contentions herein, is asserting an adverse claim to a part of the land, and therefore has waived or forfeited his rights under the tenancy agreements.

■ Appellant, by his eighth, ninth, tenth and eleventh propositions, contends that the jury's answers to special issues Nos. 1 and 3, and defendant's specially requested issue No. 3, and plaintiff's specially requested issue No. 10, should be set aside because they are all contrary to the overwhelming weight and preponderance of the evidence. We will not here attempt to discuss the evidence with reference to these issues, but will overrule all of these propositions because an examination of the evidence shows that not only were such answers not contrary to the overwhelming

weight and preponderance of the evidence but are supported by the evidence.

By his twelfth proposition appellant contends that plaintiff's requested issue No. 4 should not have been submitted, because it is a charge on the weight of the evidence and does not constitute an ultimate fact in the case. We have examined this issue and find that it was not subject to the objection made and we therefore overrule this proposition.

The judgment is affirmed.