**DITTMAR et al. v. LYMAN et al.**

No. 12074.

Court of Civil Appeals of Texas.
San Antonio.

April 12, 1950.

Rehearing Denied May 10, 1950.

Berger & Swearingen, Corpus Christi, for appellants.

Archer & Archer, Austin, L. Hamilton Lowe, Austin, for appellees.

NORVELL, Justice.

This is an appeal from a money judgment rendered in favor of appellees, Charles G. Lyman and Sam I. Pittman, practicing attorneys, and against appellants, Milton A. Dittmar and his former wife, Grace Roberts. While the record presented here is very lengthy, our opinion will be comparatively short, Rule 452, Texas Rules of Civil Procedure, as we are convinced that the judgment must be affirmed for the reason (set out in one of appellees' counter points) that the appellant Milton A. Dittmar expressly agreed to pay to Lyman & Pittman the sum of $1,500 for representing his wife in a divorce suit which was settled without trial as a result of a reconciliation of the parties. The jury findings were in accordance with appellees' theory of express contract. By the verdict it was determined that Grace Roberts had employed Lyman & Pittman to represent her in divorce proceedings and agreed to pay them a fee of $1,500 in the event the suit were disposed of prior to actual trial; that said fee was reasonable and that Milton A. Dittmar agreed to pay the same before a reconciliation agreement between the parties was signed. It is undisputed that a reconciliation took place, although some time later a second suit was instituted and a divorce obtained.

By their points, appellants assert that the trial court committed various errors in the admission of evidence, the giving and refusing of instructions and similar matters relating to another theory of recovery pleaded by appellees, i. e., that Milton A. Dittmar was liable for the payment of the disputed fee as a "necessary". In Neblett & Norman v. Goukas, Tex.Civ.App., 40 S. W.2d 1113, 1114, it was said that: "The principle on which a husband may be held liable for attorneys' fees for services rendered his wife in a divorce suit is that such services are for necessaries furnished the wife. Before they can be so deemed, and the husband or the community charge-

able therefor, it is now well settled in this state that such services must be rendered 'in the prosecution or defense of a bona fide suit for divorce, based upon good grounds, instituted and conducted in good faith and upon probable cause.' Howard v. La Coste, Tex.Civ.App., 270 S.W. 181, 183, and numerous cases there cited; Kelly v. Gross, Tex.Civ.App., 4 S.W.2d 296; Ashworth v. Edwards, Tex.Civ.App., 5 S.W.2d 776."

Appellees secured jury findings in accordance with the rule above stated, but, as heretofore pointed out, it is contended that procedural irregularities occurred which would vitiate such findings. However, these irregularities or errors, if such they be, did not relate to nor affect the finding that Milton A. Dittmar expressly agreed to pay the fee sued for by appellees.

Appellants reply to the proposition that appellees are entitled to recover upon an express agreement by contending that if the disputed fee were not actually a "necessary", then Milton A. Dittmar's agreement to pay the same would be without consideration and unenforcible. It is therefore urged that if the findings supporting the conclusion that the fee constituted a "necessary" be set aside because of the receiving of improper evidence relating thereto or like error, the judgment must be reversed and the cause remanded for another trial.

We are unable to accept this view. At the time the parties were reconciled and decided to resume marital relationships, it was known to Dittmar that his wife had employed attorneys and that said attorneys were claiming he was liable for the payment of their fee. He testified that he knew or expected he would have to pay something upon this claim, and the jury found that he agreed to pay the sum of $1,500 in settlement thereof.

A wife's agreements when authorized, approved or ratified by the husband, stand in a different category from those she makes without the consent of the husband. It is not essential that a contract relate to "necessaries" before a husband's ratification of his wife's purchases or contracts for services may be enforced. It is stated in Speer's "Law of Marital Rights in Texas (3d Ed.), p. 241, § 180, that: "There is nothing in our laws which incapacitates the wife from acting as agent for her husband; and whatever agreements she may make, or contracts she may enter into, whether in his name or her own, if the same be authorized or *subsequently ratified by him*, will, of course, bind him." (Italics ours.)

The principle is the same whether purchases or contracts for services are involved, and it is stated by the authority above cited that a husband's acquiescence in or ratification of a wife's purchases renders him liable "whether the purchases be of necessaries or not." Speer, p. 241. See also, Yellow Cab Co. v. McCloskey, Tex. Civ.App., 82 S.W.2d 1042, 23 Tex.Jur. 150, § 120.

The judgment appealed from is affirmed.