## DAHSE v. NATIONAL CITY BANK OF WACO.

### No. 2921.

Court of Civil Appeals of Texas. Waco.
Sept. 21, 1950.

Rehearing Denied Nov. 22, 1950.

Witt, Terrell, Jones & Riley, and W. Lance Corsbie, all of Waco, for appellant.

Garrett & Phillips, Waco, for appellee.

HALE, Justice.

The National City Bank of Waco, hereafter referred to as the Bank, sued Floyd Morgan on a promissory note and chattel mortgage covering a certain used truck. Morgan answered with a general denial. Thereafter, the Bank made E. H. Dahse a party defendant to the suit, alleging in substance that Dahse was claiming some nonexistent right, title or interest in and to the truck and that such claim was in any event inferior to the lien of the Bank. It prayed for a personal judgment against Morgan with a foreclosure of its chattel mortgage lien against Morgan and Dahse. It further prayed that in the event Dahse should establish any right, title or interest in and to the truck then in such event that it have judgment establishing the superiority of its lien to any claim which Dahse might assert. Dahse answered with a general denial and a cross action alleging that he was the own-

er of the truck in controversy at and prior to the time when Morgan attempted to mortgage the same to the Bank.

The case was tried before the court below without a jury and resulted in judgment for the Bank as prayed for and against Dahse on his cross action, the court expressly finding in its judgment that Dahse had "no right, title or interest in and to said truck and is entitled to recover nothing herein."

Dahse alone has appealed. Although he predicates his appeal upon nine separate points of error as set forth in his brief, we think a correct disposition of his appeal turns upon whether or not the evidence in the case, when viewed in the light most favorable to the contentions of the Bank, was sufficient to sustain the finding of the trial court to the effect that Dahse had no right, title or interest in and to the truck in controversy. If the evidence was sufficient to sustain that finding, then in our opinion Dahse would not be entitled to a reversal of the judgment appealed from, regardless of any of the other contentions asserted by him in his brief.

The evidence in the case consists of the verbal testimony of seven witnesses and fourteen written exhibits. It appears therefrom without dispute that Morgan was a licensed dealer in used cars and as such he had a line of credit with the Bank which was extended for the purpose of assisting him in financing his business operations. Dahse was also a used car dealer, was a close friend of Morgan and transacted considerable business with him, including the purchase and sale of used cars and the loaning of money incident thereto. On January 13, 1949, Morgan borrowed $1300.-00 from the Bank and in consideration thereof he executed his note payable to the order of the bank, due in thirty days after that date, securing its payment by a chattel mortgage covering the truck in controversy. Morgan defaulted in the payment of his indebtedness to the Bank and hence this suit.

The testimony on behalf of Dahse tends to show that Morgan had sold the truck in dispute to Dahse on or about October 25, 1948, and that the latter had not thereafter authorized Morgan to borrow money from the Bank on the truck or to encumber the same for the purpose of securing his indebtedness to the Bank. On the other hand, however, there was evidence on behalf of the Bank tending to show that Morgan represented to the Bank at the time he borrowed the $1300.00 on January 13, 1949, that he was then the owner of the mortgaged truck; that the truck at that time was in the possession of Morgan on his used car lot where it was inspected by a representative of the Bank; that Morgan had purchased the truck in reliance upon a Georgia title and at the time he borrowed the $1300.00 from the Bank he delivered to the Bank the original indicia of title emanating from the State of Georgia; and that a representative of the Bank made repeated inspections of the truck where it remained in Morgan's possession on his used car lot for several months after the mortgage to the Bank had been executed. Based upon an affidavit of Morgan as to the title and ownership of the truck involved herein, the Highway Department of the State of Texas issued a certificate of title in accordance with the provisions of Art. 1436—1 of Vernon's Penal Code of Texas, certifying under date of May 16, 1949, that Morgan was then the owner of the truck subject to a lien in favor of the Bank which was dated January 13, 1949, in the amount of $1300.00. We find no evidence in the record before us showing or tending to show that the Bank knew or in the exercise of due care should or could have known at any time prior to May 16, 1949, that Dahse had or claimed to have any right, title or interest in or to the truck here involved.

We do not think any useful purpose would be served by referring further to the voluminous evidence in the case or to the inconsistent circumstances relating to the conflicting claims asserted by the Bank and Dahse, respectively. After due consideration of the evidence as a whole we have concluded that it was sufficient to sustain the express and implied findings of the trial court and to authorize the rendition of the judgment from which Dahse has appealed.

Clade v. National City Bank of Waco, Tex. Civ.App., 229 S.W.2d 815, er. ref. n.r.e.: Associates Investment Co. v. National City Bank of Waco, Tex.Civ.App., 231 S.W.2d 661.

Therefore, all of appellant's points of error are overruled and the judgment of the court below is affirmed.

### On Motion for Rehearing

As a part of his motion for rehearing herein, appellant has requested this court to make and file additional findings of fact upon certain points indicated in his motion.

After due consideration of the motion for rehearing and the oral arguments of counsel thereon, we have concluded that the same should be overruled for the reasons set forth in our original opinion handed down on September 21, 1950.

We have also concluded that the alternative motion of appellant for further findings of fact should be overruled. Under the views which we have expressed in our original opinion, it appears to us that the points upon which appellant requests additional findings relate to issues which are wholly immaterial to a correct disposition of this appeal. Hence, the provisions contained in Rule 455 Texas Rules of Civil Procedure, do not require this court to make and file conclusions of fact upon the points indicated in appellant's motion and we fail to see how any useful purpose would be served by doing so. Cooper v. Newsom, Tex.Civ.App., 224 S.W. 568; Employers' Cas. Co. v. Roland, Tex.Com.App., 1 S.W. 2d 568, pt. 5; Willson v. Kuhn, Tex.Civ. App., 96 S.W.2d 236.

Furthermore, even though some or all of the points upon which additional findings are requested be regarded as material, we must assume that the trial court found all issuable facts in such manner as to support his judgment and this court is not required to find facts that are undisputed in the record. Order of United Commercial Travelers of America v. Roth, Tex. Civ.App., 159 S.W. 176, pt. 6; er. den. O'-Fiel v. First Nat. Bank of Beaumont, Tex. Civ.App., 152 S.W.2d 475, pts. 6 and 7, (er. dis. jud. cor.)

Therefore, appellant's motion for rehearing and for further findings of fact filed herein on October 5, 1950 is hereby in all things overruled.