**Milton J. MARTIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6012.**

United States Court of Appeals
Tenth Circuit.

Feb. 10, 1959.

Robert Dunlap, Denver, Colo., for appellant.

George Camp, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

On August 1, 1957, defendant-appellant, then a sergeant in the United States

Air Force, was confined in the stockade at Bergstrom Air Force Base, Austin, Texas, waiting final disposition of military charges pending against him. During the early morning hours of that date he escaped confinement, obtained a Cessna 120 airplane belonging to the Bergstrom Air Force Base Aero Club and flew the airplane to Enid, Oklahoma, where he was arrested and subsequently charged with the unlawful transportation of a stolen airplane, knowing it to be stolen, a violation of 18 U.S.C.A. § 2312. Found guilty by a jury verdict, he appeals from the judgment and sentence imposed thereunder asserting that the undisputed evidence shows that he had such a proprietary interest in the airplane as to negative his guilt as a matter of law. Other assignments of error originally made and presented by brief were withdrawn by appellant's counsel during oral presentation of the case to this court.[1]

█ Bergstrom Air Force Base Aero Club is an unincorporated association whose members are military personnel stationed at the Base and civilian employees employed at the Base by the Air Force who are paid from either appropriated or nonappropriated funds. Membership is voluntary. The general purpose of the Club is to encourage activity in aeronautics and several airplanes are available for use by the members for that purpose.

It is undisputed that appellant was a member of the Club in June, 1957. He contends that his membership continued thereafter and was existent upon the date of the offense charged, August 1, 1957. From such a premise he expands his contention to the conclusion that he cannot, as a matter of law, be guilty

of the offense charged because title to property held by an unincorporated association is in the members[2] and such property cannot be "stolen" (as herein charged) by a member.

We consider appellant's position to be basically faulty in at least two respects. The Bergstrom Air Force Base Aero Club is not a simple unincorporated association but is existent under and dependent upon the authority of the Air Force. The Club is but one of many activities encouraged by the Armed Forces as "sundry fund activities" which when organized and operated within regulatory authority constitute a recognized and integral part of military activity. The Bergstrom Air Force Base Aero Club finds its authority in Air Force Regulation 34–14, 9 February 1956, which authorizes such clubs to "operate as instrumentalities of the Federal Government under the auspices of the Air Force." The Club is subject to both command control and responsibility and is self-operating only as its members comply with regulatory and command requirements. To hold, under these circumstances, that the members have a proprietary interest in property held by the Club would be to ignore the purpose, function and authority of Aero clubs. The Air Force Regulations and the constitution of Bergstrom Air Force Base Aero Club do not vest nor contemplate such an interest in the Club members.[3]

█ But even assuming arguendo that the members of the Club held some proprietary interest in the Cessna plane taken by appellant he must fail in his premise that, as a matter of law, he was a member of that Club on August 1. On June 24, the secretary of the Club

---

1. Counsel announced that he had received imperative instructions from his client that no contentions were to be made relative to the trial proceedings which, even if considered by this court to be meritorious, would result in the limited relief of a new trial.

2. "The view generally prevailing at common law is that an unincorporated association has no legal existence, and, accord-

ingly, in the absence of legislative authority, such an association cannot take or hold property in the associate name." 15 A.L.R.2d 1451. See also U. S. Royalty Ass'n v. Stiles, Tex.Civ.App., 131 S.W.2d 1060.

3. A.F.R. 176–1, 10 Sept. 1957, specifically provides that no such proprietary interest exists. This regulation postdates the offense herein charged.

visited appellant in confinement and presented a bill for Club expenses incurred by appellant prior to June 1 for $46.50 and a statement for June dues for $3. Appellant paid the expense bill but declined the bill for June dues stating, "I guess I will have to resign." The secretary entered the resignation in the Club's records on June 30. The by-laws of the Club provide that resignations become effective upon receipt of a formal request by the secretary. Appellant now contends that his statement to the secretary was not a formal request and merely showed an intent to resign in the future. We cannot agree as a matter of law. The most that can be said for appellant's position in this regard is that it presents a question of fact which the jury, by its verdict, resolved against appellant.

Affirmed.