**Jim STAFFORD, Appellant,**

v.

**Elvin Dale SHEWMAKE et ux., Appellees.**

**No. 4900.**

Court of Civil Appeals of Texas, Waco.

March 26, 1970.

Henry J. McCluskey, Jr., Dallas, for appellant.

John K. Coil, Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment that plaintiff take nothing, in a suit for a real estate brokers commission.

Plaintiff Stafford, a real estate broker, sued defendants Shewmake and wife, alleging they signed an exclusive listing agreement on certain land, agreeing to pay him a 6% commission if such land was sold; that defendants thereafter breached such contract and sold the land * * * for $15,200. Plaintiff prayed for judgment for $1300.

Defendants filed general denial, and defendant Shewmake filed affidavit that he had never signed the exclusive listing agreement with plaintiff.

Plaintiff thereafter filed supplemental petition alleging that "defendant Shewmake, with full knowledge of his wife's execution of his name on the exclusive listing agreement * * * ratified said execution with full knowledge of the facts therein contained."

Defendant thereafter moved for summary judgment asserting the record reflected that plaintiff had not "alleged facts sufficient enough to support a cause of action as a matter of law".

The trial court rendered summary judgment that plaintiff take nothing.

Plaintiff appeals contending "The trial court erred in finding that, as a matter of law, plaintiff did not state a cause of a action in his pleadings."

Defendant has filed no brief.

Plaintiff concedes defendant Shewmake did not sign the exclusive listing agreement. But plaintiff alleged in his supplemental petition that "Shewmake, with full knowledge of his wife's execution of his name on the exclusive listing agreement, ratified said execution, with full knowledge of the facts therein contained."

■ We sustain plaintiff's contention, and hold that plaintiff did state a cause of action in his pleadings.

■ A wife may act as agent for her husband, and whatever agreements she may make, or contracts she may enter into, whether in his name or her own, if the same be authorized or subsequently ratified by him, will bind him. Dittmar v. Lyman, CCA, Er.Ref., 229 S.W.2d 907. Speer's Law of Marital Rights in Texas (3d Ed.) p. 241, Sec. 180.

The judgment is reversed and the cause remanded for trial on its merits.

Reversed and remanded.